MARGARET B. LANE et al., Plaintiffs in Error, *v.* JAMES P. ERSKINE et al., Defendants in Error.

### ERROR TO MADISON.

On a bill to forclose a mortgage, the mortgagor, unless he has assigned the equity of redemption, is an indispensable party; and if he has died without transferring or devising the equity of redemption, the heir then becomes a necessary party, and no decree can be entered until the heir is before the court.

THE facts of this case are stated in the opinion of the court. The decree against Margaret B. Lane and John F. Hunt was rendered at the August term, 1847, of the Madison Circuit Court, for the sum of $3,501.06; and they sued out this writ of error.

STUART & EDWARDS, for plaintiffs in error.

HENRY W. BILLINGS and LEWIS B. PARSONS, for defendants in error.

The general rule is, that all persons should be made parties to a suit in chancery whose rights are so materially connected with the claims of the parties litigant, that no decree can be made without materially affecting the rights of the parties not before the court. Hallett *v.* Hallett, 2 Paige, 18; Bailey *v.* Inglee, 2 Id. 279; 3 Conn. 454.

Nothing appears in the record to show that there are any other persons in any way interested in the matter in controversy; and, provided we admit that Lane had other heirs, they have no material interest, the fee-simple of the land being in Mrs. Lane, and Lane only having a life estate.

Generally, objections, for want of proper parties, can only be taken before the hearing. Story's Eq. Plead. sects. 75, 236, 237, 542; Elmandorf *v.* Taylor, 6 Condensed R. 54; Clifton *v.* Executors of Hoig, 4 Desaus. 349; Trustees of Watertown *v.* Cowen, 4 Paige, 515; 6 Conn. 428; 3 Id. 356.

Taking the separate note of Hunt, by the agreement of the

parties, amounts to a payment and satisfaction of the judgment, and discharge of the other partners of Hunt.

The intention of the parties, as in other cases, will control. Estate of Davis v. Desanque, 5 Whart. 538; Sheehy v. Mandeville, 6 Cranch; 2 Condensed R. 364; Harriss & Donaldson v. Lindsay, 4 Wash. C. C. R. 273; Wildes et al. v. Fessenden, 4 Met. 20; Keerl v. Bridges, 10 Smed. & Mar. 612; Mason v. Wickersham, 4 Watts & Serg. 100; Arnold v. Camp, 12 J. R. 409; 1 Smith's Leading Cases, 256; Story on Partnership, sects. 155, 156; Abercrombie v. Monly, 9 Porter, 145; Watson v. Owen, 1 Richardson, 112; Pope v. Tunstall, 2 Pick. 226; Byles on Bills of Exch. 286.

This is a mere mortgage and power of sale, and was assignable by Hunt, like any other mortgage.

The principal creditor is, in equity, entitled to the full benefit of any security given by the debtor to a surety, for his indemnity and for the discharge for the debt. Wright v. Morley, 11 Vesey, 12; Enders v. Brune, 4 Rand. 438; Kyner v. Kyner, 6 Watts, 221; Foster v. Fox, 4 Watts & Serg. 92; Ten Eyck v. Holmes, 3 Sandf. C. R. 428.

Where the wife joins the husband in a mortgage of her estate to secure the debt of the husband, and the husband dies without discharging the debt, the mortgagee can proceed to satisfy his claim out of the mortgaged estate. Clancy's Rights of Married Women, p. 589, and the authorities there cited.

The wife only stands in the place of a creditor to her husband's estate, when the debt secured was discharged by the sale of her property. Neimcewicz v. Gahn et al. 3 Paige, 614.

TREAT, C. J. Hunt, Ridgely, and Lane were partners in business, under the name of Hunt, Ridgely & Co. The firm became indebted to Erskine & Eichelberger. It was afterwards dissolved, and Hunt and Lane formed a partnership, under the style of John F. Hunt & Co. The new firm assumed the liabilities, and succeeded to the effects, of Hunt, Ridgely & Co. Hunt and Lane subsequently dissolved their partnership, and its effects were transferred to Lane, who agreed to discharge the liabilities of both firms. At the same time, Lane and his wife con-

veyed certain real estate to Hunt, by way of mortgage, to secure and indemnify him against the payment of the partnership debts. Erskine & Eichelberger afterwards recovered a judgment against Hunt, Ridgely, and Lane, and sued out an execution thereon, which was returned *nulla bona.* They then accepted the promissory note of Hunt in satisfaction of the judgment, and received from him an assignment of the mortgage. They subsequently filed a bill against Hunt, and Lane and his wife, to foreclose the mortgage. Lane filed a demurrer, which was overruled. Hunt was defaulted. Mrs. Lane filed an answer, in which, among other things, she alleged that the mortgaged premises belonged to her in her own right, at the time of the execution of the mortgage. The complainants filed a replication, but no proof was taken as to the ownership of the property. At a subsequent term, the death of Lane was suggested, and a decree of foreclosure entered. A writ of error is now prosecuted in the names of the heirs of Lane.

On a bill to foreclose a mortgage, the mortgagor, unless he has assigned the equity of redemption, is an indispensable party. He has a direct interest in the account to be taken of what is due on the mortgage, for it fixes the amount of his indebtedness. And he is entitled to redeem the mortgaged premises, on payment of the amount thus ascertained to be due. If he dies intestate, the estate descends to his heir, burdened with the incumbrance. The heir has the same interest in stating the account, and the same right of redemption. It follows that he is a necessary party. It is accordingly well settled by the authorities, that, on a bill for the foreclosure of a mortgage, where the mortgagor has died without transferring or devising the equity of redemption, the heir is a necessary party, and no decree can be entered until he is before the court. Story, Eq. Pl. sect. 196; Coote on Mortgages, 503; 4 Kent's Com. 185; Fell *v.* Brown, 2 Brown's C. R. 276; Palk *v.* Clinton, 12 Vesey, 48; Farmer *v.* Curtis, 2 Simons, 466; Worthington *v.* Lee, 2 Bland. 678; Williamson *v.* Field, 2 Sandf. C. R. 533.

This rule presents an insuperable objection to this decree. The presumption from the record is, that Lane was the owner of the equity of redemption, and that it descended to his heirs.

The statement in the answer of Mrs. Lane, that. the premises belonged to her in her own right, was not responsive to the allegations of the bill, and cannot be considered as rebutting the presumption. On the death of Lane, the complainants, instead of proceeding to a hearing of the case, should have amended their bill by alleging that the mortgaged premises belonged to Mrs. Lane, and that the estate of her husband therein terminated on his decease, or have filed a supplemental bill making his heirs parties to the suit.

Several interesting questions were made on the argument; but as the case is not in a condition to be decided on the merits, we refrain altogether from discussing them.

The decree will be reversed, and the cause remanded, with leave to the complainants to amend their bill, or file a supplemental bill, as they may deem most advisable.

*Decree reversed.*