# Illinois Official Reports

## Appellate Court

---

> ***Deutsche Bank National Trust Co. v. Estate of Schoenberg***, **2018 IL App (1st) 160871**

---

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Long Beach Mortgage Loan Trust 2006-9, Plaintiff-Appellee, v. ESTATE OF VINCENT SCHOENBERG; MIDWEST BANK AND TRUST COMPANY, as Trustee u/t/a Dated January 18, 1979, and Known as Trust No. 79-01-2857; NORTH BANK; UNIVERSITY PARK CONDOMINIUM ASSOCIATION; VINCENT G. SCHOENBERG a/k/a VINCENT G. SCHOENBERG III; EMILY SCHOENBERG; UNKNOWN BENEFICIARIES OF THE MIDWEST BANK AND TRUST COMPANY, as Trustee u/t/a Dated January 18, 1979, and Known as Trust No. 79-01-2857; UNKNOWN HEIRS and LEGATEES OF THE ESTATE OF VINCENT SCHOENBERG; UNKNOWN OWNERS and NONRECORD CLAIMANTS, Defendants (Midwest Bank and Trust Company, Defendant-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-16-0871 |
| Filed | March 26, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-7591; the Hon. Michael T. Mullen, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Zane D. Smith & Associates, Ltd., of Chicago (Zane D. Smith, of counsel), and Law Office of Sheila A. Genson, Ltd., of Schaumberg (Sheila A. Genson, of counsel), for appellant.

Kluever & Platt, LLC, of Chicago (David C. Kluever and Jason D. Altman, of counsel), for appellee.

Panel

PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.
Justices Harris and Mikva concurred in the judgment and opinion.

## OPINION

¶ 1     This appeal arises out of a mortgage foreclosure action. Defendant Midwest Bank and Trust Company, as trustee under a trust agreement dated January 18, 1979, and known as trust No. 79-01-2857 (Midwest), appeals from the Cook County circuit court's orders (1) granting summary judgment in favor of plaintiff Deutsche Bank National Trust Company, as trustee for Long Beach Mortgage Loan Trust 2006-9 (Deutsche Bank), (2) entering a judgment of foreclosure and sale, (3) dismissing Midwest's affirmative defenses, and (4) entering an order approving the report of sale and distribution. On appeal, Midwest contends that (1) the circuit court lacked subject-matter jurisdiction and personal jurisdiction, (2) Deutsche Bank was not the proper party plaintiff, (3) Deutsche Bank failed to comply with the circuit court's order for reinstatement after Deutsche Bank voluntarily dismissed its complaint, (4) the circuit court erred in granting Deutsche Bank's motions for summary judgment and to dismiss Midwest's affirmative defenses, and (5) the circuit court erred by granting Deutsche Bank's motion to confirm the report of sale and distribution, approve the judicial sale of the property, and for an order of possession. We find no error and affirm.

¶ 2                                BACKGROUND

¶ 3     In August 2006, Vincent G. Schoenberg executed a promissory note payable to 21st Century Mortgage Bankers (21st Century), secured by a mortgage on two condominium units located at 1451 East 55th Street, Chicago, Illinois (the property). Vincent was the sole borrower and mortgagor identified by the mortgage.[1] The mortgage identified 21st Century as the "Lender" and Mortgage Electronic Registrations Systems, Inc. (MERS), as the mortgagee. The mortgage further provided that MERS was acting "solely as a nominee for Lender and Lender's successors and assigns." In September 2006, Vincent executed a "Warranty Deed in Trust" that conveyed his interest in the property to an Illinois land trust with Midwest acting as trustee. In December 2008, Vincent died.

_____

[1]The mortgage was also executed by Brenda L. Schoenberg "for the sole purpose of waiving homestead rights."

¶ 4 On February 17, 2009, Deutsche Bank filed a mortgage foreclosure complaint against Vincent and Midwest.[2] Attached to the complaint were copies of the mortgage and note executed by Vincent. Also attached to the complaint was an allonge executed by 21st Century specially indorsing the note to Washington Mutual Bank, as well as a separate page bearing a blank indorsement by Washington Mutual Bank. An attorney filed an appearance on behalf of Vincent and Midwest. On August 17, 2009, the circuit court entered an order dismissing Deutsche Bank's complaint pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2008)), "with leave to reinstate upon [m]otion supported by [a]ffidavit, filed and presented within one *** year of this dismissal, if [d]efendant(s) default on the loan modification, repayment plan, or other settlement agreement."

¶ 5 Deutsche Bank moved to reinstate the foreclosure action on July 28, 2010. The motion stated that defendants were being evaluated for loss mitigation eligibility by the loan servicer in March 2009 but that defendants failed to submit the proper documentation and that Deutsche Bank wished to proceed with the foreclosure. The motion was supported by an affidavit. The attorney who previously filed an appearance on behalf of Vincent and Midwest responded to the motion to reinstate and moved for summary judgment, arguing that Deutsche Bank lacked standing. No mention was made of Vincent's death. The circuit court denied the motion for summary judgment and granted Deutsche Bank's motion to reinstate.

¶ 6 On October 31, 2013, Midwest moved to dismiss Deutsche Bank's complaint. Midwest argued that Deutsche Bank lacked standing and that the circuit court lacked jurisdiction because Vincent was deceased. Deutsche Bank filed a response to Midwest's motion to dismiss and filed a motion to appoint a special representative for Vincent. On December 9, 2013, the circuit court denied Midwest's motion to dismiss and appointed Cary Rosenthal as special representative for Vincent. Rosenthal filed a report on April 29, 2014, reflecting that Vincent was deceased and that the special representative gave notice of the action to Vincent's wife Brenda and son Vincent Jr., both of whom were purportedly living in the property.

¶ 7 On July 22, 2014, the circuit court granted Deutsche Bank's motion to approve Rosenthal's report and Deutsche Bank's motion for leave to file a first amended complaint naming "The Estate of Vincent Schoenberg" as a defendant, along with Brenda and Vincent Jr. On November 19, 2014, Deutsche Bank was granted leave to file a second amended complaint removing Brenda as a defendant because she was deceased and adding as defendants Emily Schoenberg and unknown beneficiaries of the Midwest trust. Attached to the second amended complaint were the mortgage, note, and allonge, along with an assignment of mortgage recorded by the Cook County Recorder of Deeds on March 9, 2009, reflecting that MERS as nominee for 21st Century assigned the mortgage to Deutsche Bank. The assignment of mortgage stated, "This instrument serves to memorialize the transfer of this loan which has previously taken place."

¶ 8 Midwest moved to dismiss the second amended complaint. Midwest argued that 21st Century was dissolved on May 8, 2008, and that any action it took after that date "is of no effect and is void." Midwest argued that Deutsche Bank lacked standing and that the circuit court lacked jurisdiction because Vincent was a necessary party, he was deceased, and there was no appointed special representative. Midwest further argued that Deutsche Bank had not

_____

[2]North Bank, University Park Condominium Association, and unknown owners and nonrecord claimants were also named as defendants.

complied with section 13-209(c) of the Code (735 ILCS 5/13-209(c) (West 2014)) because it failed to have a personal representative appointed. The circuit court denied Midwest's motion to dismiss and ordered Midwest to answer the complaint. Midwest's answer denied all of the allegations in Deutsche Bank's complaint and asserted a 74-paragraph affirmative defense restating the substance of Midwest's motion to dismiss.

¶ 9        Deutsche Bank moved for summary judgment on its second amended complaint and moved to dismiss Midwest's affirmative defense. On September 3, 2015, the circuit court set a briefing schedule on the motions.[3] The scheduling order reflected that counsel for Midwest was present in court on that date and was granted until October 1, 2015, to respond to Deutsche Bank's motions. A hearing was scheduled for October 28, 2015. On October 26, 2015, Midwest filed a "Notice of Motion" that it would appear on October 28, 2015, "and then and there present and move in accordance with [d]efendant's [a]nswer" to Deutsche Bank's motions. The only filing that accompanied the notice of motion was Midwest's 25-page "answer" to Deutsche Bank's motions.

¶ 10       On October 28, 2015, the circuit court (1) granted summary judgment in favor of Deutsche Bank on its second amended complaint, (2) dismissed Midwest's affirmative defense with prejudice, (3) entered a judgment of foreclosure and sale in favor of Deutsche Bank, (4) appointed a selling officer, (5) granted Deutsche Bank's oral motion to dismiss "Estate of Vincent Schoenberg" as a defendant, (6) denied Midwest's "motion/answer" to Deutsche Bank's motions, and (7) denied Midwest's oral motion for a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010).

¶ 11       The property was sold at a judicial sale on January 29, 2016, and Deutsche Bank was the successful bidder at the sale. Deutsche Bank then filed a motion for orders approving the report of sale and distribution, confirming the judicial sale, and for possession. On February 26, 2016, Midwest filed a "Motion in Accordance with 735 ILCS 1508 [*sic*] and Supreme Court Rule 113(i)." Midwest again asserted the circuit court lacked jurisdiction because Vincent was deceased, that a mortgagor is a necessary party and no special representative had been appointed, and that Deutsche Bank lacked standing. The circuit court set both parties' motions for a hearing. At that hearing, the circuit court made it clear that it was considering Midwest's motion as a response to Deutsche Bank's motion for confirmation of the judicial sale. On March 3, 2016, the circuit court heard oral argument on the motions and granted Deutsche Bank's motion for orders approving the report of sale and distribution, confirming the judicial sale, and for possession. Midwest's motion was denied.

¶ 12       On March 29, 2016, Midwest filed a notice of appeal from the circuit court's October 28, 2015, judgment and dismissal orders and the March 3, 2016, order confirming the judicial sale.

¶ 13                                    ANALYSIS

¶ 14       On appeal, Midwest argues that (1) the circuit court lacked subject-matter jurisdiction because Vincent was the mortgagor and therefore a necessary party but that the second amended complaint failed to name a special representative for Vincent, (2) the circuit court lacked personal jurisdiction because neither Vincent nor a special representative was served with a summons or complaint, (3) Deutsche Bank was not the proper party plaintiff,

_____

[3]The circuit court's briefing schedule order provided that briefs were limited to 15 pages and that the circuit court would not consider requests for extensions of time made on the hearing date.

(4) Deutsche Bank failed to comply with the circuit court's August 17, 2009, order for reinstating the foreclosure action, (5) Deutsche Bank's motion for summary judgment should have been denied, (6) Midwest's affirmative defense should not have been dismissed, and (7) Midwest's "Motion in Accordance with 735 ILCS 1508 [*sic*] and Supreme Court Rule 113(i)" should not have been denied.

¶ 15        Midwest's first argument is that the circuit court lacked subject-matter jurisdiction because Vincent was deceased at the time Deutsche Bank initiated this action in February 2009 and that Deutsche Bank failed to appoint a special representative for Vincent in the second amended complaint. Midwest contends that a suit against a dead person is a nullity and that it does not confer subject-matter jurisdiction upon the circuit court. Midwest relies on *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526 (2010), to argue that when a mortgagor is deceased, the circuit court must appoint a special representative. Midwest further relies on Illinois Supreme Court Rule 113(i) (eff. May 1, 2013), which provides that where a mortgagor is deceased and no estate has been opened, the circuit court "shall *** appoint a special representative to stand in the place of the deceased mortgagor(s) who shall act in a manner similar to that provided by section 13-209 of the [Code] (735 ILCS 5/13-209 [(West 2012)])." Midwest argues that Deutsche Bank knew sometime in July 2012 that Vincent was deceased but did not file an amended complaint until August 2014, which added "The Estate of Vincent Schoenberg" as a defendant, but then Deutsche Bank never attempted to serve the estate. Finally, Midwest contends that Deutsche Bank failed to comply with section 13-209(c) of the Code because it did not act with any diligence in dismissing Vincent and appointing a special representative.

¶ 16        We find Midwest's arguments unpersuasive and conclude that Deutsche Bank's complaint conferred subject-matter jurisdiction upon the circuit court. Subject-matter jurisdiction refers to the circuit court's "power to hear and to determine cases of the general class to which the proceeding in question belongs." *Urban Partnership Bank v. Chicago Title Land Trust Co.*, 2017 IL App (1st) 162086, ¶ 12. The Illinois Constitution provides that "Circuit Courts shall have original jurisdiction of all justiciable matters" except for two exceptions not present here. Ill. Const. 1970, art. VI, § 9. "Generally, a justiciable matter is a controversy appropriate for review by the [circuit] court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relationship of parties having adverse legal interests." *Urban Partnership Bank*, 2017 IL App (1st) 162086, ¶ 12. Generally speaking, mortgage foreclosure cases fall squarely within the circuit court's subject-matter jurisdiction. *Neighborhood Lending Services, Inc. v. Callahan*, 2017 IL App (1st) 162585, ¶ 20.

¶ 17        First, Midwest relies on *McGahan* for the general proposition that a mortgagor is a necessary party to a foreclosure action. In *McGahan*, our supreme court held that a mortgage foreclosure action is a *quasi in rem* proceeding and that a mortgagee seeking to foreclose on a mortgage must proceed against a party, not just the mortgaged property. *McGahan*, 237 Ill. 2d at 535. The court explained that

> "the mortgagor, the person whose interest in the real estate is the subject of the mortgage, is a necessary party defendant to the foreclosure proceedings. 735 ILCS 5/15-1501(a)(i) (West 2004); *Lane v. Erskine*, 13 Ill. 501, 503-04 (1851) (mortgagor is an indispensable party in a foreclosure action). As such, the proceeding must be brought against a named party and a foreclosure action must be a *quasi in rem* action." *Id.* at 535-36.

¶ 18    *McGahan*, however, involved a situation where the deceased mortgagor held an interest in the property at the time of her death. *Id.* at 528. The court, therefore, had no occasion to consider whether a special representative is necessary where the mortgagor no longer holds an interest in the property at the time of his death or where the mortgagor's interest in the property has fully passed to another person or entity. Here, Vincent transferred his interest in the property to a land trust prior to his death. "In an Illinois land trust, both legal and equitable title to real property rests in the trustee, while the interest of the beneficiary of the trust is personal property." *Urban Partnership Bank*, 2017 IL App (1st) 162086, ¶ 19. Beneficiaries of a land trust are permissible parties, not necessary parties, to a mortgage foreclosure action. *Id.* ¶ 20; 735 ILCS 5/15-1501(b)(3) (West 2016). Vincent relinquished his legal and equitable interests in the property prior to his death by conveying his interest to a land trust, of which he was a beneficiary. He was therefore a permissive party to the foreclosure action, and whether he was named as a defendant had no bearing on the circuit court's subject-matter jurisdiction. See 735 ILCS 5/15-1501(a) (West 2016) ("The [circuit] court may proceed to adjudicate [the interests of the necessary parties], but any disposition of the mortgaged real estate shall be subject to (i) the interests of all other persons not made a party or (ii) interests in the mortgaged real estate not otherwise barred or terminated in the foreclosure."). Additionally, we note that the Second District reached a similar conclusion in an unpublished order affirming the dismissal of a section 2-1401 petition, concluding in part that no special representative was necessary for a mortgagor who held no interest in the property at the time of her death. See *Wachovia Mortgage FSB v. Stoller*, 2016 IL App (2d) 150645-U, ¶ 32. Midwest's argument that the failure to appoint a special representative deprived the circuit court of subject-matter jurisdiction fails because Vincent was a permissible rather than a necessary party to the foreclosure action.

¶ 19    Furthermore, while this matter was pending in the circuit court, our legislature enacted Public Act 99-24 (eff. Jan. 1, 2016). Section 5 of Public Act 99-24 amended section 15-1501(h) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1501(h)), to provide that the circuit court is not required to appoint a special representative for a deceased mortgagor if there is a trust that was conveyed title to the property by the deceased mortgagor prior to death. Pub. Act 99-24, § 5 (eff. Jan. 1, 2016) (adding 735 ILCS 5/15-1501(h)(1)-(5)). We conclude that the legislative amendment to section 15-1501(h) of the Foreclosure Law is retroactively applicable to this case.

¶ 20    To determine whether a statute applies retroactively, we follow the approach set forth by the Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). See *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 37-39 (2001). We first determine whether our legislature prescribed the amended statute's temporal reach to include events predating the statute. *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 330 (2006). If so, we apply the amendment retroactively. If the legislature did not prescribe the temporal reach of the amended statute, section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2016)) supplies the default rule that amendments "that are procedural may be applied retroactively, while those that are substantive may not." *Allegis*, 223 Ill. 2d at 331. A change in the law is substantive if it creates, defines, or regulates rights, whereas a change is procedural if it regulates the machinery for carrying on a suit or proceeding. See *GreenPoint Mortgage Funding, Inc. v. Poniewozik*, 2014 IL App (1st) 132864, ¶ 18.

¶ 21 Here, the amendment to section 15-1501(h) of the Foreclosure Law is procedural because it regulates the process by which a mortgagee forecloses on a mortgage where a deceased mortgagor either had no interest in the property at the time of his death or the interest has fully passed to another person or entity. The amendment does not create, define, or regulate the rights of the parties to a foreclosure action but instead provides for the orderly adjudication of existing rights and remedies. The amendment does not modify the mortgagee's rights with respect to the foreclosure action and has no bearing on the deceased mortgagor's former property rights. In other words, the amendment to section 15-1501(h) of the Foreclosure Law regulates the foreclosure proceedings by providing that the circuit court need not appoint a special representative when the property rights that would be protected by such appointment already belong to a person or entity capable of being sued. A special representative is not necessary when the deceased mortgagor no longer has any interest in need of protection because the mortgagee can proceed directly against the person or entity holding the decedent's former property interest. This amendment does not create, define, or regulate any rights of the parties to the action but instead regulates the procedural question of when a special representative must be appointed. The amendment to section 15-1501(h) of the Foreclosure Law is procedural and may be applied retroactively.

¶ 22 The amendment to section 15-1501(h) of the Foreclosure Law complements rather than conflicts with Illinois Supreme Court Rule 113(i). The committee comments to Rule 113 state, "Paragraph (i) addresses the issue of a deceased mortgagor and the subject matter jurisdiction issues addressed in *ABN Amro Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526 (2010), which have not been specifically addressed by remedial legislation." Ill. S. Ct. R. 113, Committee Comments (adopted Feb. 22, 2013). As discussed above, *McGahan* only addressed the situation where the mortgagor is fully possessed of an interest in the property at the time of her death. The legislative amendment to section 15-1501(h) of the Foreclosure Law addresses issues not contemplated by either *McGahan* or Rule 113(i). Therefore, we see no reason why the amendment to section 15-1501(h) of the Foreclosure Law should not be applied retroactively.

¶ 23 Here, it was undisputed that Vincent did not have any interest in the property at the time of his death because he had transferred his interest to a land trust. The circuit court was not required to appoint a special representative for Vincent since Midwest—the entity with legal and equitable title to the property—was a named defendant. The circuit court therefore had subject-matter jurisdiction over Deutsche Bank's complaint to foreclose on the mortgage.

¶ 24 Next, Midwest argues that the circuit court lacked personal jurisdiction because neither Vincent nor a special representative was served a summons or complaint. However, the circuit court could never obtain personal jurisdiction over Vincent because he was deceased. Furthermore, as we discussed, no special representative was required, and thus any failure to obtain personal jurisdiction over the special representative would have no bearing on the validity of the circuit court's judgments.

¶ 25 Midwest next argues that Deutsche Bank was not a proper party plaintiff because no allegations in the second amended complaint connect Deutsche Bank to the mortgage and note. Deutsche Bank attached to the second amended complaint (1) a copy of the mortgage identifying MERS, as nominee for 21st Century, as the mortgagee; (2) a copy of the indorsed note; (3) an "Assignment of Real Estate Mortgage" transferring "all right, title, and interest in and to a certain mortgage executed by Vincent G. Schoenberg" to "Deutsche Bank National

- 7 -

Trust Company"; and (4) an undated allonge indorsing the promissory note from 21st Century to Washington Mutual Bank (Washington Mutual). Midwest asserts that 21st Century was dissolved on May 8, 2008, and therefore could not have effectuated any transfers. Furthermore, Midwest argues that the second amended complaint contained no allegations referencing Deutsche Bank and that the exhibits to the complaint "have no allegations explaining their import." Midwest concludes that Deutsche Bank "is not an entity that is capable of having a judgment rendered in its favor. Therefore, the judgment is void."

¶ 26 Midwest fails to cite any authority in support of these arguments, in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016), which results in forfeiture. Forfeiture aside, Midwest's position is contrary to well-settled law. Midwest's argument is essentially that Deutsche Bank lacked standing to pursue the foreclosure action. This court has regularly stated that standing is an affirmative defense that a defendant must plead and prove. *Bank of America, N.A. v. Adeyiga*, 2014 IL App (1st) 131252, ¶ 61. Here, Midwest's affirmative defense asserted in part that Deutsche Bank lacked standing. The circuit court struck that pleading with prejudice. Midwest fails to assert a coherent argument as to whether it properly pleaded an affirmative defense of standing and fails to point to any evidence in the record to establish any question of fact regarding Deutsche Bank's standing. These omissions also result in forfeiture. Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016).

¶ 27 Regardless, the record is clear that Deutsche Bank attached to its complaint a copy of the note and allonge reflecting that 21st Century specially indorsed the note to Washington Mutual and that Washington Mutual indorsed the note in blank. A promissory note is an unconditional promise to pay a fixed amount of money and is payable to bearer or to order at the time it is issued or first comes into possession of a holder. *HSBC Bank USA, National Ass'n v. Rowe*, 2015 IL App (3d) 140553, ¶ 21. "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement'. When indorsed in blank, an instrument becomes payable to bearer ***." 810 ILCS 5/3-205(b) (West 2016). It is well settled that "possession of bearer paper is *prima facie* evidence of title thereto" and is sufficient "to entitle the plaintiff to a decree of foreclosure." *Joslyn v. Joslyn*, 386 Ill. 387, 395 (1944). The mere fact that a copy of the note is attached to the complaint is itself *prima facie* evidence that the plaintiff owns the note. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24. As the legal holder of the note, Deutsche Bank was entitled to pursue the foreclosure action. *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 7 (2010).

¶ 28 Here, Deutsche Bank attached a copy of the note to each iteration of its complaint. By attaching copies of the mortgage, note, allonge, and assignment of mortgage, Deutsche Bank presented *prima facie* evidence that it owned the note and that it had the right to pursue a foreclosure action against Midwest. Midwest failed to present any contrary evidence that might call into question whether Deutsche Bank had standing. We therefore reject Midwest's argument that Deutsche Bank was not the proper party plaintiff, and we conclude that Deutsche Bank had standing to pursue the foreclosure action. Furthermore, our discussion shows that the circuit court's dismissal of Midwest's affirmative defense of standing was proper and is therefore affirmed.

¶ 29 Midwest next contends that Deutsche Bank failed to comply with the circuit court's August 17, 2009, order dismissing the foreclosure action with leave to reinstate. Midwest failed to include this order in its notice of appeal, but we have jurisdiction to consider it because the

- 8 -

reinstatement order was a step in the procedural progression leading to the judgments identified in the notice of appeal. *CitiMortgage, Inc. v. Hoeft*, 2015 IL App (1st) 150459, ¶ 8. But while we have jurisdiction to consider the reinstatement order, we find that Midwest forfeited its argument. Midwest argues for the first time on appeal that Deutsche Bank's motion for reinstatement and accompanying affidavit contained false information. However, in the circuit court, Midwest's sole response to the motion to reinstate was that Deutsche Bank lacked standing to pursue the foreclosure action. Issues not raised in the circuit court are forfeited on appeal. *In re Marriage of Minear*, 181 Ill. 2d 552, 564 (1998). Additionally, Midwest fails to cite any authority in support of its argument, in violation of Rule 341(h)(7). Finally, Midwest fails to assert that the circuit court abused its discretion in reinstating the foreclosure within one year of the original dismissal. See *Chicago Title Land Trust Co. v. JS II, LLC*, 2012 IL App (1st) 063420, ¶ 92 ("[T]he decision to vacate [a] dismissal order is at the discretion of the trial court, which triggers a review for an abuse of discretion."). Midwest's attempt to raise an argument for the first time on appeal and its failure to develop an argument with citations to authority results in forfeiture. We have no basis from which to conclude that the circuit court abused its discretion by reinstating the foreclosure and therefore affirm the circuit court's reinstatement order.

¶ 30     Midwest next argues that the circuit court erred by granting summary judgment in favor of Deutsche Bank. Midwest did not respond to Deutsche Bank's motion for summary judgment. Furthermore, Midwest makes no argument that the circuit court abused its discretion by denying Midwest the opportunity to file a late response to the motion. We have already disposed of Midwest's arguments regarding jurisdiction and standing and therefore have no basis from which to conclude that there was a genuine issue of material fact to preclude entry of judgment in favor of Deutsche Bank. The circuit court's entry of summary judgment in favor of Deutsche Bank is affirmed.

¶ 31     Finally, Midwest argues that the circuit court erred by confirming the judicial sale. The only argument Midwest advances is that the circuit court lacked jurisdiction and that Deutsche Bank's motion for confirmation of the judicial sale should have been denied under section 15-1508(b)(iv) of the Foreclosure Law (735 ILCS 5/15-1508(b)(iv) (West 2016)). Under section 15-1508 of the Foreclosure Law, the circuit court must confirm a judicial sale unless the circuit court finds that "(i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done." 735 ILCS 5/15-1508(b) (West 2016). We have already concluded that the circuit court had subject-matter jurisdiction, and Midwest fails to identify any other basis that might preclude the entry of an order confirming the judicial sale. We therefore find no error and affirm the circuit court's order approving the report of sale and distribution, confirming the judicial sale, and granting possession in favor of Deutsche Bank.

¶ 32                                    CONCLUSION
¶ 33     For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 34     Affirmed.