# Illinois Official Reports

## Appellate Court

---

### *U.S. Bank, National Ass'n v. Laskowski*, 2019 IL App (1st) 181627

---

| | |
|---|---|
| Appellate Court Caption | U.S. BANK, NATIONAL ASSOCIATION, as Trustee for Credit Suisse First Boston CSFB 2005-11, Plaintiff-Appellee, v. MARK LASKOWSKI; THE CITY OF CHICAGO; PACIFIC REALTY GROUP, LLC, an Illinois Limited Liability Company; AVERN C. SMITH; UNKNOWN OWNERS AND NONRECORD HOLDERS, Defendants (Pacific Realty Group, LLC, Petitioner-Appellant; Lawrence Wilson and U.S. Bank, National Association, as Trustee for Credit Suisse First Boston CSFB 2005-11, Respondents-Appellees). |
| District & No. | First District, Second Division<br>No. 1-18-1627 |
| Filed | July 16, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-977; the Hon. Gerald V. Cleary, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Carla Sherieves, of CMS Law, LLC, of Chicago, for appellant.<br><br>Kimberly A. Jansen, of Hinshaw & Culbertson LLP, of Chicago, for appellee Lawrence Wilson. |

Lucia Nale, Michael H. Bornhorst, and Geoffrey M. Pipoly, of Mayer Brown LLP, of Chicago, for other appellee.

Panel          JUSTICE HYMAN delivered the judgment of the court, with opinion. Justices Pucinski and Mason concurred in the judgment and opinion.

## OPINION

¶ 1      Five years after a default judgment of foreclosure and six years after the sale of the property to a *bona fide* purchaser, a limited liability company (LLC) came forward to claim it had an equitable interest in the foreclosed property. The LLC argued that the trial court did not have jurisdiction over it because the method of service—publication—is not allowed under the Limited Liability Company Act (LLC Act) (805 ILCS 180/1 *et seq.* (West 2016)). As it turns out, after he stopped making payments on the mortgage, the mortgagor formed the LLC in the state of New Mexico. He also was the sole member of the LLC. In an ignoble attempt to discredit the foreclosure judgment, the LLC petitioned to quash service of process and vacate all void orders under section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2016)).

¶ 2      The lender and the *bona fide* purchaser successfully moved to dismiss, and we affirm. The Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2016)) does not make the LLC a necessary party to the foreclosure case, so service on it was not required. In any event, under the facts of this case, the Foreclosure Law protects the interest of the *bona fide* purchaser as to any defect in service.

¶ 3                                Background

¶ 4      In October 2005, Credit Suisse First Boston loaned Mark Laskowski $130,900. The loan was secured by a mortgage on residential property in Chicago. Laskowski stopped making mortgage payments in October 2008.

¶ 5      A "Memorandum and Affidavit of Equitable Interest," dated November 22, 2008, purports to grant Pacific Realty Group, LLC (Pacific LLC), an equitable interest in the property. The memorandum, which only Laskowski signed, states, "[a]n Agreement was entered into between the undersigned [i]n the amount of $350,000." Laskowski filed the memorandum with the Cook County Recorder of Deeds in December 2010. The memorandum does not identify Pacific LLC's mailing address, its registered agent, or the state where it was formed. According to documents filed in conjunction with Pacific LLC's section 2-1401 petition, Pacific LLC is a New Mexico company, and Laskowski is its sole member. Pacific LLC's registered agent is a company in New Mexico with an Albuquerque address. Pacific LLC's capital value totaled $200.

¶ 6      In 2009, U.S. Bank, National Association (U.S. Bank), filed a complaint to foreclose the mortgage. U.S. Bank named Laskowski and Pacific LLC as defendants. (The City of Chicago, unknown owners and nonrecord claimants, and another individual were also named defendants but are not relevant to the appeal.)

¶ 7 U.S. Bank filed an affidavit for service by publication on Laskowski and Pacific LLC, stating that, after diligent inquiry, it was unable to locate them. Between February 17, 2009, and March 3, 2009, U.S. Bank published the notice to Laskowski and Pacific LLC in the Chicago Daily Law Bulletin. The notice then was filed in the circuit court and mailed to Laskowski at four different addresses. Later, the special process server filed an affidavit, dated April 27, 2009, stating he had served "Pacific Realty Group, LLC" "c/o President Ike Hong, 11 Broadleys Ct. Deerfield, IL 60015." According to the affidavit, "Pacific Realty Group, LLC" was served by leaving a copy of the process with Grace Hong, as authorized agent for service.

¶ 8 In October 2009, U.S. Bank filed a motion for a default order. In a certificate filed with the motion, U.S. Bank asserted it served Laskowski by publication and Pacific LLC by corporate service. In May 2010, after Laskowski and Pacific LLC failed to answer or otherwise plead, the trial court entered an order of default and a judgment of foreclosure. The property was sold at a sheriff's sale, and the trial court approved the sale. A week later, the property was conveyed to U.S. Bank by judicial deed. After several more conveyances, in August 2011, Seaway Bank and Trust Company conveyed the property to respondent Lawrence Wilson.

¶ 9 More than five years passed. In November 2016, Pacific LLC filed an appearance and a petition to quash service of process and vacate all void orders under section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2016)). Pacific LLC argued that U.S. Bank had served the wrong entity—Pacific LLC had no connection whatsoever with the similarly named Illinois corporation and Hong. Rather, it is a foreign LLC registered in the state of New Mexico.

¶ 10 Wilson moved to dismiss the petition under section 2-619(a)(2) and (a)(9) of the Code (735 ILCS 5/2-619(a)(2), (a)(9) (West 2016)), arguing (i) Pacific LLC had been properly served by publication, (ii) Pacific LLC could not bring the petition having never registered to transact business in Illinois, (iii) Pacific LLC lacks standing to challenge the judgment as it has no *bona fide* title or interest in the property, (iv) Pacific LLC was on notice of the foreclosure proceeding because Laskowski, its sole member, appeared, and (v) section 2-1401(e) of the Code protects the interest of Wilson in the property because he is a *bona fide* purchaser for value. U.S. Bank filed a motion to dismiss, adopting Wilson's motion in its entirety. U.S. Bank also argued Pacific LLC's equitable interest in the property was a sham and that Pacific LLC was an alter ego of Laskowski.

¶ 11 In response, Pacific LLC argued (i) the LLC Act does not permit service by publication, (ii) it was not required to register under the LLC Act because merely owning property in Illinois does not constitute transacting business under the Act, (iii) the special process server did not serve it, (iv) its standing to challenge the foreclosure judgment arises from its equitable interest in the property, (v) a void judgment may be attacked at any time, and (vi) Wilson was not a *bona fide* purchaser and his interest was not protected under section 2-1401(e) because lack of jurisdiction was apparent from the record.

¶ 12 After briefing, the trial court granted the motions to dismiss Pacific LLC's petition to quash, finding that section 2-206 of the Code and the "catchall" provision of the LLC Act (805 ILCS 180/1-50(d) (West 2016)) permitted service by publication. Pacific LLC filed a motion to reconsider, which the trial court denied.

¶ 13 Analysis

¶ 14 Standard of Review

¶ 15 Section 2-1401 of the Code allows a court to vacate a final judgment after more than 30 days. *People v. Vincent*, 226 Ill. 2d 1, 7 (2007) (citing 735 ILCS 5/2-1401 (West 2002)). Under section 2-1401, the petitioner bears the burden of establishing his or her right to relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 221 (1986). "[A] section 2-1401 petition can present either a factual or legal challenge to a final judgment or order," and "the nature of the challenge presented in a section 2-1401 petition is critical because it dictates the proper standard of review on appeal." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. When a section 2-1401 petition advances a purely legal challenge to a judgment by alleging that the judgment is void, as here, we review the trial court's ruling on the petition *de novo*. *Id.* ¶ 47. When the trial court dismisses a petition we review the trial court's judgment, not its rationale, and may affirm for any reason supported by the record regardless of the reasons cited by the trial court. *D'Attomo v. Baumbeck*, 2015 IL App (2d) 140865, ¶ 30.

¶ 16 Necessary Party

¶ 17 Wilson and U.S. Bank argue the trial court did not err in dismissing Pacific LLC's section 2-1401 petition because it was not a necessary party. They acknowledge not raising this argument before the trial court (they did argue, however, that Pacific LLC had no *bona fide* title to the property and thus lacked standing to challenge the foreclosure judgment). While an appellant who fails to raise an issue in the trial court waives that issue, an appellee may raise an issue on review that was not presented to the trial court to sustain the judgment, as long as the issue's factual basis was laid before the trial court. *DOD Technologies v. Mesirow Insurance Services, Inc.*, 381 Ill. App. 3d 1042, 1050 (2008). The factual basis for the appellees' necessary party argument, that Pacific LLC had no valid interest in the property, was before the trial court. Thus, we may consider the argument.

¶ 18 Section 15-1501 of the Foreclosure Law sets out the necessary parties to a mortgage foreclosure action: "(i) the mortgagor and (ii) other persons (but not guarantors) who owe payment of indebtedness or the performance of other obligations secured by the mortgage and against whom personal liability is asserted." 735 ILCS 5/15-1501(a) (West 2016). "Other persons, such as other mortgagees or claimants, *may* be joined, although they are not necessary parties." (Emphasis in original.) *React Financial v. Long*, 366 Ill. App. 3d 231, 236 (2006) (citing 735 ILCS 5/15-1501(b)(10) (West 2004)). Failure to include permissive parties to a foreclosure action does not affect the trial court's jurisdiction. *Deutsche Bank National Trust Co. v. Estate of Schoenberg*, 2018 IL App (1st) 160871, ¶ 18.

¶ 19 In its complaint, U.S. Bank sought a deficiency judgment solely against Mark Laskowski. That means Pacific LLC was not a party "against whom personal liability is asserted." Nor was Pacific LLC a mortgagor. A mortgagor is "(i) the person whose interest in the real estate is the subject of the mortgage and (ii) any person claiming through a mortgagor as successor." 735 ILCS 5/15-1209 (West 2016). Laskowski was the mortgagor, as evidenced by the mortgage documents, the foreclosure complaint, Laskowski's own sworn affidavit, and the sworn affidavit submitted by U.S. Bank's vice president of loan documentation.

¶ 20 Pacific LLC purports to have an equitable interest evidenced by the "Memorandum and Affidavit of Equitable Interest." An "equitable interest" or "equitable title" is a "title that indicates a beneficial interest in property *** that gives the holder the right to acquire formal

legal title." Black's Law Dictionary (11th ed. 2019). A beneficial interest refers to the "right or expectancy in something (such as a trust or an estate), as opposed to legal title to that thing." Black's Law Dictionary (11th ed. 2019).

¶ 21    Pacific LLC's purported equitable interest does not transform it into a mortgagor. Unlike a lienholder or the grantee in a quitclaim deed, Pacific LLC did not hold any actual interest to the property that was the subject of the mortgage. As a result, Pacific LLC may have been a permissive party, not a necessary party. *React Financial*, 366 Ill. App. 3d at 236. And the failure to make Pacific LLC a party did not divest the trial court of authority to enter the foreclosure judgment and confirm the sale. *Schoenberg*, 2018 IL App (1st) 160871, ¶ 17.

¶ 22    Pacific LLC argues that as a defendant in the foreclosure complaint, U.S. Bank had to properly serve it, otherwise, the court did not have jurisdiction to enter any valid orders against it. Alternatively, Pacific LLC argues that if U.S. Bank believed Pacific LLC had no valid interest in the property, U.S. Bank should have dismissed Pacific LLC. Pacific LLC cites no authority for either proposition, and we know of none. U.S. Bank was not required to serve process on Pacific LLC and the trial court did not err in dismissing the section 2-1401 petition to quash service and vacate the default judgment.

¶ 23                    Wilson Is a *Bona Fide* Purchaser

¶ 24    Moreover, a *bona fide* purchaser for value, like Wilson, is protected by section 2-1401(e) of the Code. See *In re Application of the County Collector*, 397 Ill. App. 3d 535, 549 (2009). Section 2-1401(e) embodies the public policy respecting third-party purchasers of property and protecting them from the effects of an order setting aside a judgment affecting title to property. *Christiansen v. Saylor*, 297 Ill. App. 3d 719, 724 (1998). A *bona fide* purchaser's interest in real property gains protection as long as the defect in service is not apparent from the face of the record and the *bona fide* purchaser was not a party to the original action but acquired title before the filing of the petition. *Id.*

¶ 25    We consider the whole record, including the pleadings, the return of process, and the judgment of the trial court. *Concord Air, Inc. v. Malarz*, 2015 IL App (2d) 140639, ¶ 33. For a defect in service to be apparent, the inquiry must not go beyond the face of the record itself. See *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 314 (1986). If the jurisdictional defect was not apparent from the face of the record at the time of the intervention of the *bona fide* purchaser, the petitioning party will be denied relief even from an otherwise void judgment or order. *JoJan Corp. v. Brent*, 307 Ill. App. 3d 496, 505 (1999).

¶ 26    Pacific LLC argues Wilson was not a *bona fide* purchaser because the record shows that Pacific LLC, a foreign limited liability company, was served by publication, which was not a method of service permitted by law. We disagree. Even assuming service by publication is not permitted on an LLC (an issue we need not address), U.S. Bank served a Grace Hong, who is identified on the special process server's affidavit as the authorized agent for "Pacific Realty Group, LLC." For Wilson to determine that the special process server did not properly serve petitioner, he would have had to go beyond the face of the record. Wilson would have had to check the Illinois Secretary of State's corporate records to determine that the "Pacific Realty Group, LLC," indicated on the process server's affidavit, constitutes Pacific Realty Group, Inc., a different entity than petitioner, and that Grace Hong was not "Pacific Realty Group, LLC's" registered agent. Wilson also would have had to search New Mexico records to determine that Pacific LLC was actually an LLC registered in that state. This information

would have been extremely difficult to ascertain, as the memorandum of equitable interest does not provide an address for Pacific LLC or indicate where it was registered. Unquestionably, a purposeful decision on Laskowski's part.

¶ 27 Wilson was not a party to the original foreclosure action. And Wilson could not tell from the record that the trial court did not have jurisdiction over Pacific LLC due to improper service until Pacific LLC filed its section 2-1401 petition, attaching as exhibits the Illinois Secretary of State documents and the New Mexico documents. Because Wilson was a *bona fide* purchaser, Pacific LLC cannot collaterally attack the foreclosure judgment. Accordingly, we affirm the trial court's dismissal of the section 2-1401 petition.

¶ 28 We need not address the other issues raised by the parties.

¶ 29 Affirmed.