2024 IL App (1st) 232195

FIFTH DIVISION
December 20, 2024

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

No. 1-23-2195

| | | |
|---|---|---|
| TOWD POINT MORTGAGE TRUST 2018-6, U.S. BANK NATIONAL ASSOCIATION, as Indenture Trustee, | ) ) ) | |
| | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| v. | ) | |
| | ) | |
| MARIA DEL SCORRO REYNOSA, a/k/a MARIA | ) | |
| REYNOSA, as Administrator of the Estate of Gregorio | ) | No. 2022 CH 05946 |
| Clavijo, a/k/a Gregorio Santana Clavijo, and as Next | ) | |
| Friend for Nashali Clavijo; DENISSE CLAVIJO; | ) | |
| MELANIE CLAVIJO; UNKNOWN OWNERS; and | ) | |
| NONRECORD CLAIMANTS, | ) | Honorable |
| | ) | Patricia Spratt, |
| Defendants, | ) | Judge Presiding. |
| | ) | |
| (Melanie Clavijo, Defendant-Appellant). | ) | |

PRESIDING JUSTICE MIKVA delivered the judgment of the court, with opinion.
Justices Oden Johnson and Navarro concurred in the judgment and opinion.

**OPINION**

¶ 1     U.S. Bank National Association (U.S. Bank), named in the complaint as indenture trustee for Towd Point Mortgage Trust, sought foreclosure of a single-family home in Chicago. The complaint named the court the approved independent administrator of the deceased mortgagor's estate and also named the daughters of the mortgagor as defendants. One of the daughters, Melanie Clavijo, brought a motion to vacate and argues on appeal that the judgment of foreclosure and

order approving sale of the home should be vacated because she was not properly served. U.S. Bank argues that it did not need to serve Melanie Clavijo, because she was a permissive, rather than a necessary, defendant.

¶ 2     We agree with Melanie Clavijo that she is entitled to have the resulting judgment vacated as to her, since she was never properly served. However, we agree with U.S. Bank that the circuit court was vested with jurisdiction to foreclose on the mortgage when the independent administrator was properly served in the foreclosure action. Failure to serve Melanie Clavijo, a nonnecessary party, does not strip the court of that jurisdiction, and Melanie Clavijo fails to demonstrate an interdependence of the parties' rights such that the judgment must be vacated as to all of them.

¶ 3                                        I. BACKGROUND

¶ 4     This case was brought by U.S. Bank to foreclose on a mortgage agreement entered into by Gregori Clavijo on a single-family home at 5208 West Eddy Street in Chicago. Mr. Clavijo died on June 30, 2015, and the probate court appointed his wife, Maria Del Scorro Reynosa, as the independent administrator of his estate. On June 21, 2022, U.S. Bank filed its complaint to foreclose the mortgage against Ms. Reynosa as independent administrator and name Mr. Clavijo's three daughters—Melanie, Nashali, and Denisse Clavijo—as additional defendants. Ms. Reynosa is Melanie Clavijo's mother, and both were living at the Eddy property at the time the foreclosure complaint was filed.

¶ 5     On July 16, 2022, Melanie Clavijo's sister, Denisse Clavijo, accepted substitute service on behalf of Melanie at Denisse's home at 2730 Westbrook Drive in Franklin Park, Illinois.

¶ 6     On February 28, 2023, the court entered a default judgment on the mortgage. The property was sold to U.S. Bank at a judicial sale on June 5, 2023. That same day, U.S. Bank filed a motion to confirm the judicial sale, and the motion was scheduled for a hearing on June 27, 2023. The

circuit court confirmed the judicial sale of the property on June 27, 2023, and title was transferred to U.S. Bank

¶ 7   Before the sale was approved, on June 23, 2023, Melanie Clavijo had filed a "Motion to Quash Service and Vacate All Previous Orders" (Motion to Quash). Melanie Clavijo argued that all prior orders, including the foreclosure and approval of the sale, must be vacated because she was never properly served with a summons. She supported her motion with her own affidavit, the affidavit of her mother, and a photograph of her Illinois driver's license, all showing that she lived at 5208 West Eddy in Chicago, the single family house that is the subject of this foreclosure action, and not at the Franklin Park address where her sister accepted substitute service on her behalf.

¶ 8   In its response to the Motion to Quash, U.S. Bank did not dispute any facts or claim that it had properly served Melanie Clavijo. Instead, relying on our decision in *U.S. Bank, National Ass'n v. Laskowski*, 2019 IL App (1st) 181627, it argued that because Melanie Clavijo was a permissive, rather than a necessary, defendant, the failure to serve her with summons would not invalidate the judgment of foreclosure or the order confirming judicial sale of the property.

¶ 9   On October 23, 2023, the circuit court denied Melanie Clavijo's Motion to Quash. She now appeals.

¶ 10                                    II. JURISDICTION

¶ 11   The Motion to Quash was denied on October 23, 2023, and notice of appeal was timely filed on November 20, 2023. This court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), which govern appeals from final judgments entered by the circuit court in civil cases.

¶ 12                                    III. ANALYSIS

¶ 13   Where the circuit court denies a motion to quash service of process based solely on the

3

documentary evidence presented and does not hold an evidentiary hearing, our review on appeal is *de novo*. *Central Mortgage Co. v. Kamarauli*, 2012 IL App (1st) 112353, ¶ 26.

¶ 14    Melanie Clavijo argues that "no one should be allowed to take judgment against someone it hasn't served." We agree. Neither party argues that Melanie Clavijo was properly served. Thus, it is clear that the circuit court never obtained jurisdiction over her. In *Laskowski*, which U.S. Bank relies on, this court never explicitly reached the question of whether an otherwise valid judgment can stand against a party that was never served. But it is clear to us that a judgment against a party that was not served must be vacated and to that extent, the circuit court here was wrong in denying Melanie Clavijo's Motion to Quash.

¶ 15    However, the parties' real dispute in that case—and in this one—is whether the judgment of foreclosure and approving the sale remain valid. We agree with the circuit court and with U.S. Bank that it does. In *Laskowski* we rejected a claim, similar to the one that Melanie Clavijo makes here, from a permissive party to a foreclosure action, who was not properly served but who was not dismissed from the action, that the failure to serve that party required the circuit court to vacate the judgment of foreclosure. *Laskowski*, 2019 Il App (1st) 181627 ¶¶ 18-22. That case is distinguishable, however, in that the motion to vacate the foreclosure in *Laskowski* was not made until after the sale was approved and the property had been purchased by a *bona fide* purchaser for value. *Id.* ¶¶ 24-27. The presence of a *bona fide* purchaser for value provided an additional reason to refuse to vacate the judgment of foreclosure. *Id.* ¶ 27. But we agree with the understanding of the court in *Laskowski* that the failure to either properly serve or dismiss a permissive party to a foreclosure action does not invalidate the foreclosure itself.

¶ 16    Our supreme court has held that a foreclosure proceeding is a *quasi in rem* action with the mortgagor as a necessary party because the mortgagor is "the instrumentality of the wrong. It was

he or she who breached the contract by defaulting \*\*\*." *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526, 536-37 (2010). The Illinois Mortgage Foreclosure Law (Mortgage Foreclosure Law) makes clear that necessary parties to a foreclosure action include "only (i) the mortgagor and (ii) other persons (but not guarantors) who owe payment of indebtedness or the performance of other obligations secured by the mortgage and against whom personal liability is asserted shall be necessary parties defendant in a foreclosure." 735 ILCS 5/15-1501(a) (West 2022). When a mortgagor dies, as was true in this case, a representative must be named in lieu of the deceased as a party to the foreclosure. *McGahan*, 237 Ill. 2d at 535. In this case, that representative was the mortgagor's wife.

¶ 17    A mortgage foreclosure proceeding, however, "does not bind the whole world," meaning parties beyond the mortgagor or their representative may have interests as well. *Id.* at 537. Case law dating to at least 1863 recognizes such interests. See *Kepley v. Jansen*, 107 Ill. 79 (1883) (the nonparty owner of interest in foreclosed property was not bound by the foreclosure decree); *Applegate Apartments Ltd. Partnership v. Commercial Coin Laundry Systems*, 276 Ill. App. 3d 433, 435 (1995) (commercial tenant in possession was not a necessary party to the foreclosure but subsequent purchaser still acquired property subject to lease).

¶ 18    The Mortgage Foreclosure Law also recognizes these additional interests:

> "The court may proceed to adjudicate [the necessary parties'] respective interests, but any disposition of the mortgaged real estate shall be subject to (i) the interests of all other persons not made a party or (ii) interests in the mortgaged real estate not otherwise barred or terminated in the foreclosure." 735 ILCS 5/15-1501(a) (West 2022).

The statute then lists many of these persons and entities in subsection (b), explicitly labeling them "[p]ermissible [p]arties." *Id.* In *Laskowski*, the court held that the failure to join one of these

permissible parties did not affect the validity of the foreclosure. In that case, the defendant purported to transfer an equitable interest in a foreclosed property to an LLC. *Laskowski*, 2019 IL App (1st) 181627, ¶ 5. Despite numerous attempts, the plaintiff was unable to properly serve the LLC, and the defendant sought to vacate all subsequent orders as void. *Id.* ¶ 9. This court found that unnecessary, reasoning that whatever interest the LLC obtained in the property did not transform it into a mortgagor (which would have made it a necessary party) and that the LLC was only a permissive party to the action, for which proper service was not required. *Id.* ¶¶ 18, 21 (citing *Deutsche Bank National Trust Co. v. Estate of Schoenberg*, 2018 IL App (1st) 160871, ¶ 18).

¶ 19 This court reached a similar conclusion in *Schoenberg*, where neither a deceased mortgagor nor his special representative was served a summons or complaint. *Schoenberg*, 2018 IL App (1st) 160871, ¶ 14. This court held that failure to serve the special representative did not deprive the circuit court of subject matter jurisdiction because no special representative was necessary since the mortgagor had transferred his interest in the property to a land trust prior to his death, making the trustee the sole necessary party. *Id.* ¶ 18. This court noted that the circuit court could not obtain *personal* jurisdiction over the deceased mortgagor (because he was dead) and that its failure to obtain personal jurisdiction over a special representative (whose appointment was not required) "would have no bearing on the validity of the circuit court's judgments" against the defendant trustee. *Id.* ¶ 24.

¶ 20 According to our supreme court in *McGahan*, "[t]he object of the foreclosure action is to enforce the obligation created by that contract, through the property, but against a specific person." *McGahan*, 237 Ill. 2d at 536. Here, that specific person was the independent administrator. Their presence was essential to achieving the object of the foreclosure, and their status as a necessary

party is statutorily distinct from a permissive one like Melanie Clavijo. The circuit court had the power to issue a judgment when it named and served the independent administrator. That jurisdiction and power of the court to enforce the obligations of the mortgage agreement remains valid, despite the failure to obtain jurisdiction over Melanie Clavijo, an additional permissive defendant.

¶ 21 At oral argument, both parties agreed that Melanie Clavijo is not a necessary party in this case, even though she might be a tenant or an heir of the deceased mortgagor. Rather, as a tenant, the Mortgage Foreclosure Law makes it clear that she is merely a permissive party. 735 ILCS 5/15-1501 (West 2022). And, while there is some case law suggesting that heirs may be necessary parties to a foreclosure action where the mortgagor is deceased, such as *Bank of New York v. Unknown Heirs & Legatees*, 369 Ill. App. 3d 472 (2006), such cases should not be relied on after *McGahan*, which clarifies that foreclosure is a *quasi in rem* action and that, pursuant to section 13-209 of the Code of Civil Procedure (735 ILCS 5/13-209(c) (West 2022)), a personal representative should be appointed to stand in the shoes of the deceased mortgagor. *McGahan*, 237 Ill. 2d at 528.

¶ 22 The law is also clear that vacating the judgment against Melanie Clavijo does not require us to vacate the judgment against the special administrator. Our supreme court has held:

> "[W]hen a judgment or decree against two or more defendants is vacated as to one of them, it need not for that reason alone be vacated as to any of the others, and should not be vacated as to any of the others unless it appears that because of an interdependence of the rights of the defendants or because of other special factors it would be prejudicial and inequitable to leave the judgment standing against them." *Chmielewski v. Marich*, 2 Ill. 2d 568, 576 (1954).

¶ 23 Similarly, our supreme court has recognized that a judgment may be held valid as to any

7

matter within the court's jurisdiction and void as to any matter that lies beyond the court's power to adjudicate. *Belford v. Woodward*, 158 Ill. 122, 134 (1895).

¶ 24    These principles have been applied in a variety of cases, including foreclosure actions. In *Norwest Mortgage, Inc. v. Ozuna*, 302 Ill. App. 3d 674, 678-79 (1998), this court relied on both *Belford* and *Chmielewski* to hold that, while orders for possession in a mortgage foreclosure action against "unknown occupants" were void, those orders as to named defendants should still be enforced since those named defendants were "duly served" and the court had jurisdiction over them. See *Rivtis v. Woma, Inc.*, 2022 IL App (1st) 210147-U, ¶ 1 ("Vacatur of judgment against debtor corporation for reasons unrelated to the merits did not require vacatur of judgment against corporation's owner ***."); *National Bank of Austin v. First Wisconsin National Bank of Milwaukee*, 53 Ill. App. 3d 482, 491-92 (1977) (foreclosure judgment affirmed but deficiency judgment vacated as to each defendant on separate bases).

¶ 25    In this case, the independent administrator for the mortgagor was properly served, thus vesting the circuit court with jurisdiction to foreclose on the mortgage. Because Melanie Clavijo was not properly served, any judgment as to her must be vacated. However, because vacating that judgment does not invalidate the order of foreclosure or the sale of the property, the foreclosure and sale are not impacted.

¶ 26    On remand, this judgment must be vacated as to Melanie Clavijo. The parties advised the court at oral argument that Melanie Clavijo is still residing at this property. In *Laskowski*, this court never reached the question of whether the foreclosure judgment must be vacated against the LLC that had not been properly served. But in that case, the permissible party that had not been properly served was not, as Melanie Clavijo is, a tenant living on the property. Rather, it was a sham LLC, set up for the purpose of thwarting foreclosure proceedings. Here, Melanie Clavijo currently has a

foreclosure judgment against her, which affects her interest in the foreclosed home; her right to remain in the home, absent some court order evicting her; and, potentially, her ability to rent or purchase future properties. The judgment against Melanie Clavijo must be vacated and this case remanded for future proceedings in accordance with this order.

¶ 27                                IV. CONCLUSION

¶ 28     We affirm in part and reverse in part. The judgment of foreclosure and approval of the sale is affirmed. The judgment against Melanie Clavijo must be vacated.

¶ 29     Affirmed in part and reversed in part.

¶ 30     Cause remanded with directions.

*Towd Point Mortgage v. Clavijo*, **2024 IL App (1st) 232195**

| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2022 CH 05946; Honorable Patricia Spratt, Judge Presiding. |
|---|---|

| **Attorneys for Appellant:** | Adam Goodman of Goodman Tovrov Hardy & Johnson LLC for appellant. |
|---|---|

| **Attorneys for Appellee:** | Daniel J. May, of Kluever Law Group, LLC, for appellee. |
|---|---|