ABN AMRO MORTGAGE GROUP, INC., Plaintiff-Appellant, v. NONA L. McGAHAN *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 1—07—1209, 1—07—1232 cons.

Opinion filed March 13, 2009.

Diane M. Kehl, Michael J. Waters, and Jared C. Jodrey, all of Vedder, Price, Kaufman & Kammholz, P.C., of Chicago, for appellant.

Michael T. Reagan, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of Ottawa, and Patricia M. Nelson, of Chicago Volunteer Legal Services, of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff-appellant, ABN AMRO Mortgage Group, Inc. (ABN), appeals an order of the trial court dismissing its complaint for lack of subject matter jurisdiction. We reverse the decision of the trial court of Cook County and remand the matter to the trial court.

## Background

On June 24, 2005, ABN provided a loan to Nona L. McGahan. McGahan executed a note, secured by a mortgage on a property, promising to repay the principal of the loan and interest. On May 1, 2006, McGahan defaulted on the note and mortgage by failing to make the required payments. On August 30, 2006, ABN filed a complaint for foreclosure on the property that secured the mortgage. McGahan, a named defendant, had died prior to the filing of the complaint. Because ABN indicated it might amend the complaint, the trial court continued the matter to allow ABN to investigate whether a probate estate had been opened on behalf of McGahan. However, ABN determined that due to the *in rem* nature of the foreclosure action, there was no need to amend the complaint. Subsequently, on its own motion, the trial court dismissed ABN's complaint for lack of subject matter jurisdiction subsequent to the death of the mortgagor, McGahan, without the appointment of a personal representative. ABN timely appeals. No one has filed an appearance on behalf of any appellee. This court granted leave to Chicago Volunteer Legal Services Foundation (CVLS) to file a brief *amicus curiae* in support of the trial court's decision.

ABN contends that the trial court should not have dismissed the complaint for lack of subject matter jurisdiction, arguing that the Illinois courts have held that foreclosures are *in rem* actions and that therefore no personal representative was required.

We review the circuit court's grant of a motion to dismiss based on a lack of subject matter jurisdiction *de novo*. *Siakpere v. City of Chicago*, 374 Ill. App. 3d 1079, 1081 (2007).

The trial court dismissed the foreclosure action, holding that it lacked subject matter jurisdiction because ABN did not appoint a personal representative to represent the deceased mortgagor pursuant to section 13—209 of the Code of Civil Procedure. 735 ILCS 5/13—209 (West 2006). ABN primarily argues that foreclosures are *in rem* ac-

tions and, therefore, McGahan was not a necessary party to the action requiring a representative. ABN argues that a foreclosure is an action against the real estate itself and because section 13—209 is only applicable "if a party commences action against a deceased person," it is inapplicable in this case. 735 ILCS 5/13—209 (West 2006). CVLS counters by arguing that the law in Illinois is unsettled as to whether foreclosures are *in rem* proceedings and that they should be treated as *quasi in rem* proceedings requiring McGahan to be appointed a representative in the action. In support, CVLS points to *Austin v. Royal League*, 316 Ill. 188 (1925), and *Lohmeyer v. Durbin*, 213 Ill. 498 (1904). In *Austin*, the supreme court stated as an example in *dicta* that a proceeding to foreclose a mortgage is a proceeding *quasi in rem*. *Austin*, 316 Ill. at 193.

The trial court here discussed at length the differences between *in rem* and *quasi in rem* actions and concluded the foreclosures were *quasi in rem* proceedings. However, the supreme court and this court has otherwise consistently treated and labeled foreclosures as *in rem* proceedings. See *Pfaff v. Chrysler Corp.*, 155 Ill. 2d 35, 73 (1992); *Markus v. Chicago Title & Trust Co.*, 373 Ill. 557, 561 (1940); *Waughop v. Bartlett*, 165 Ill. 124, 129-30 (1896); *Financial Freedom v. Kirgis*, 377 Ill. App. 3d 107, 128 (2007); *LP XXVI, LLC v. Goldstein*, 349 Ill. App. 3d 237, 240 (2004); *First Federal Savings Bank of Proviso Township v. Drovers National Bank of Chicago*, 237 Ill. App. 3d 340, 346 (1992). Furthermore, in *Financial Freedom* this court, in treating a foreclosure as an *in rem* action, determined:

> "[T]he very nature of an *in rem* proceeding, being that of a suit against the *res*, suggests that the common-law principle of denying subject matter jurisdiction in a suit filed against a deceased person would not apply to an *in rem* action, in which the right to the property is determined not simply against an entity, but rather as against the entire world." *Financial Freedom*, 377 Ill. App. 3d at 128-29.

As a foreclosure determines the rights to a piece of property not only against a particular person, which would be the case in a *quasi in rem* proceeding (*Golden Rule Insurance Co. v. Widoff*, 291 Ill. App. 3d 112, 115 (1997)), but against the whole world (such as other banks holding second mortgages or individuals with a security interest in the property), holding that foreclosures are *in rem* proceedings is consistent with those concepts. Although we acknowledge that there exists *dicta* mentioning that foreclosures are *quasi in rem*, we reiterate that it is only *dicta* and not controlling authority. Decisions of an appellate court are binding precedent on all circuit courts regardless of locale. *People v. Harris*, 123 Ill. 2d 113, 128 (1988). Similarly, this

court is bound by our supreme court's precedent. *People v. Malloy*, 374 Ill. App. 3d. 820, 822 (2007).

Accordingly, the trial court erred in finding that foreclosures are *quasi in rem* proceedings. As stated, denying subject matter jurisdiction in a suit filed against a deceased person does not apply to an *in rem* action, and thus, choosing not to name a representative on behalf of the deceased did not divest the trial court of subject matter jurisdiction.

For the foregoing reasons, we reverse the decision of the trial court of Cook County and remand the matter to the trial court.

Reversed and remanded.

O'MARA FROSSARD and TOOMIN, JJ., concur.