Docket No. 107954.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

ABN AMRO MORTGAGE GROUP, INC., *et al.*, Appellees, v. NONA L. McGAHAN *et al.*, Appellants.

*Opinion filed June 4, 2010.*

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

The question at issue here is whether a mortgagee must name a personal representative for a deceased mortgagor in a mortgage foreclosure proceeding in order for the circuit court to acquire subject matter jurisdiction. For the reasons that follow, we conclude that it must.

### Background

This appeal involves two cases, ABN AMRO Mortgage Group, Inc. v. McGahan and Charter One Bank v. Hunter. The facts of each are set forth below.

*ABN AMRO Mortgage Group, Inc. v. McGahan*

In 2005, ABN AMRO (ABN) provided a loan to Nona McGahan, who executed a note secured by a mortgage on her property located in Chicago. On May 1, 2006, McGahan defaulted. On August 30, ABN filed a complaint in the circuit court of Cook County for foreclosure pursuant to the Illinois Mortgage Foreclosure Law (735 ILCS 5/15–1101 *et seq.* (West 2004)). The complaint named McGahan, unknown heirs, and unknown owners. Unbeknownst to ABN, McGahan had died prior to the filing of this complaint.

On October 11, 2006, after learning from a special process server that McGahan was deceased, ABN filed a motion requesting additional time to determine whether a probate estate had been opened on behalf of McGahan. Thereafter, ABN was granted leave to file a petition to name a personal representative on behalf of McGahan.

On November 29, 2006, ABN advised the court that, upon further consideration, it did not intend to name a personal representative and requested leave to withdraw its earlier motion. Thereafter, the circuit court dismissed ABN's complaint pursuant to its order entered on November 2, 2006, in Wells Fargo v. McQueen, No. 05–CH–12846 (November 2, 2006).

Wells Fargo v. McQueen was a mortgage foreclosure action. As in this case, the mortgagor, Allen McQueen, died prior to the filing of the complaint. In its decision in the Wells Fargo case, the circuit court noted that, generally, a circuit court lacks subject matter jurisdiction when a lawsuit is filed against a deceased person because such a suit is a nullity. To avoid this rule and confer jurisdiction on the circuit court, a plaintiff may proceed under section 13–209 of the Code of Civil Procedure and substitute the deceased party's personal representative. 735 ILCS 5/13–209(c) (West 2004). However, Wells Fargo, the mortgagee, argued this rule did not apply because foreclosure proceedings are *in rem* actions and it is unnecessary to name a human defendant, *i.e.*, the mortgagor, in such actions.

The circuit court acknowledged there were cases in Illinois, dating back to 1835, holding that foreclosure proceedings are *in rem* actions. However, the court noted that in most cases this conclusion was reached without discussion or explanation. The circuit court also noted that, in a true *in rem* proceeding, the property itself is the

-2-

defendant. The court then gave modern-day examples of a true *in rem* action, including civil forfeiture and proceedings against vessels under maritime law.

The circuit court then discussed *quasi in rem* proceedings, and citing *Austin v. Royal League*, 316 Ill. 188 (1925), found that a *quasi in rem* proceeding describes the modern-day foreclosure action. The circuit court noted that no authority had reconciled the discussion of the differences between *in rem* and *quasi in rem* actions, set forth in *Austin*, with older cases stating foreclosures were *in rem*. The circuit court concluded that foreclosure actions are better characterized as *quasi in rem*.

The circuit court then addressed the consequences of concluding that a foreclosure is *quasi in rem*. First, the court noted that mortgage foreclosures were adversarial and, pursuant to the Mortgage Foreclosure Law, the mortgagor is a necessary party who has the right to defend against the action. See 735 ILCS 5/15–1501 (West 2004). However, the circuit court found that the Mortgage Foreclosure Law does not address the consequences of a mortgagor's death and, therefore, it had to look to the rules applicable to civil actions generally. The court revisited the rule that a lawsuit against a deceased person is a nullity. The circuit court found there was nothing in Illinois law to indicate foreclosure actions were exempt from this general rule.

Turning to section 13–209 of the Code of Civil Procedure (735 ILCS 4/13–209(c) (West 2004)), the provision governing the appointment of personal representatives, the circuit court considered whether a foreclosure was an "action" within the meaning of section 13–209, and found that previous cases had answered this question in the affirmative. Thus, the circuit court concluded that a mortgagee is required to name a personal representative for a deceased mortgagor in order for the circuit court to obtain subject matter jurisdiction. The circuit court noted also that a mortgagee could, alternatively, proceed under the Probate Act as it was an "interested person" like any other creditor. See 755 ILCS 5/1–2.11(West 2004).

In light of the decision in the Wells Fargo case, the circuit court held in the McGahan case that, because ABN failed to name a personal representative as a substitute for McGahan, it lacked subject matter jurisdiction. Accordingly, ABN's complaint was dismissed.

-3-

*Charter One Bank v. Hunter*

The pertinent facts of the Hunter case are essentially the same as in the McGahan case. Margaret Hunter executed a note securing a mortgage on her property in 2002. Charter One Bank (Charter One) filed a complaint for foreclosure in 2006. After learning that Hunter was deceased, Charter One was granted leave to file an amended complaint to name as defendants unknown owners, nonrecord claimants, and unknown heirs and devisees. Subsequently, the circuit court entered a judgment of default against defendants and an order for foreclosure and sale. However, thereafter, pursuant to its decision in the Wells Fargo case, the circuit court vacated those orders and dismissed Charter One's complaint for lack of subject matter jurisdiction.

ABN and Charter One appealed and the cases were consolidated. No one appeared on behalf of McGahan, Hunter, or any other appellee. However, the appellate court granted leave to the Chicago Volunteer Legal Service Foundation (Foundation) to file an *amicus curiae* brief in support of the trial court's decision.

The appellate court reversed and remanded, finding that this court had "consistently" labeled foreclosures as *in rem* actions, and that it was bound by these determinations. 388 Ill. App. 3d 900, 902. The appellate court further concluded that foreclosure proceedings determine rights as against the whole world, not merely against certain individuals, and, therefore, logically are *in rem* actions. Although the appellate court acknowledged that several of our past cases have stated that foreclosure proceedings are *quasi in rem* actions, the appellate court found the discussions in those cases *dicta* and, therefore, not controlling. Accordingly, the appellate court held that, because a foreclosure is an *in rem* action, plaintiffs' failure to name a personal representative in the foreclosure action did not divest the circuit court of jurisdiction and the circuit court erred in dismissing ABN and Charter One's complaints.

On February 23, 2009, we granted the Foundation's motion for leave to file a petition for leave to appeal instanter as *amicus curiae*.[1]

---

[1]Charter One filed the main appellee brief in this case. ABN incorporated and adopted Charter One's brief as its own.

We later granted the Cook County public guardian leave to file an *amicus* brief.

Analysis

Section 15–1501 of the Mortgage Foreclosure Law identifies those who must be joined as party defendants in foreclosure proceedings. Relevant here, the mortgagor is a "necessary party." 735 ILCS 5/15–1501(a)(i) (West 2004). Although the Mortgage Foreclosure Law mandates that a mortgagor must be made a party in any foreclosure action, it fails to address what procedure a mortgagee must follow or who must be named, if anyone, in lieu of the mortgagor, when the mortgagor is deceased. Because the act is silent as to the requirements to follow in the event the mortgagor is deceased, we would normally look to the general rules of civil procedure to ascertain what would be required. However, Charter One and ABN contend this is not appropriate because foreclosure proceedings are *in rem* actions and, therefore, neither a deceased mortgagor's estate nor a personal representative need be named.

*"In rem"* jurisdiction is "[a] court's power to adjudicate the rights to a given piece of property, including the power to seize and hold it." Black's Law Dictionary 856 (7th ed. 1999). "[A] proceeding in rem is one which is taken directly against property or one which is brought to enforce a right in the thing itself." *Austin v. Royal League*, 316 Ill. 188, 193 (1925). The legal fiction underlying an *in rem* proceeding is that the "property, not the owner of the property, is liable to the complainant. It treats property, therefore, as the defendant, susceptible of being tried and condemned, while the owner merely gets notice, along with the rest of the world, and may appear for his property or not." R. Waples, *Treatise on Proceedings In Rem*, §1, at 2 (1882).

A proceeding *quasi in rem* "has been characterized as an in rem action which affects only the interests of particular persons in a certain thing." 1 Am. Jur. 2d *Actions* §30, at 817 (2005); see also *Freeman v. Alderson*, 119 U.S. 185, 188, 30 L. Ed. 372, 373, 7 S. Ct. 165, 167 (1886). A *quasi in rem* action is "brought against the defendant personally, with jurisdiction based on an interest in property, the objective being to deal with the particular property or to subject the property to the discharge of the claims asserted." Black's Law Dictionary 30 (7th ed. 1999). Unlike an *in rem* action, a *quasi in*

-5-

*rem* action operates only as between the parties to the proceedings. 1 Am. Jur. 2d *Actions* §30, at 817-18 (2005).

There are two types of *quasi in rem* actions, only one of which is relevant here. In this type, the plaintiff seeks "to secure a pre-existing [*sic*] claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246 n.12, 2 L. Ed. 2d 1283, 1293 n.12, 78 S. Ct. 1228, 1235 n.12 (1958).

Prior decisions from this court have inconsistently characterized a foreclosure as both *in rem* and *quasi in rem* actions. The following cases have identified foreclosure proceedings as *in rem* actions: *Markus v. Chicago Title & Trust Co.*, 373 Ill. 557, 561 (1940) (foreclosure is "of the nature of a proceeding *in rem*"); *Waughop v. Bartlett*, 165 Ill. 124, 129-30 (1896) (same); *Bickerdike v. Allen*, 157 Ill. 95, 99-100 (1895) (stating foreclosures may be "regarded" as *in rem*); *Karnes v. Harper*, 48 Ill. 527 (1868); *White v. Murphy*, 23 Ill. 426 (1860); *Woodbury v. Manlove*, 14 Ill. 213 (1852).[2] See also *Pfaff v. Chrysler Corp.*, 155 Ill. 2d 35 (1992) (stating that an injunction may be appropriate in *in rem* proceedings, "such as the mortgage foreclosure action here"). On the other hand, the following cases have identified foreclosure proceedings as *quasi in rem* actions: *McCallum v. Baltimore & Ohio R.R. Co.*, 379 Ill. 60 (1942); *Austin v. Royal League*, 316 Ill. 188 (1925); *Equitable Trust Co. of New York v. Chicago, Peoria & St. Louis R.R. Co.*, 314 Ill. 96 (1924); *Lohmeyer v. Durbin*, 213 Ill. 498 (1904). None of these cases analyze the rationale for characterizing a foreclosure action as either *in rem* or *quasi in rem*. We do so now.

We begin by noting that in *Freeman v. Alderson*, 119 U.S. 185, 30 L. Ed. 372, 7 S. Ct. 165 (1886), the United States Supreme Court characterized a mortgage foreclose as a *quasi in rem* proceeding. *Freeman* involved an action in trespass to try title to property. There, the Court discussed the two types of proceedings and their distinguishing characteristics. The Court described an *in rem* proceeding as one brought against the property alone, which is considered responsible for the claims asserted by the plaintiff. The

---

[2]These latter three cases dealt with *scire facias,* which was the procedure previously used to foreclose a mortgage.

property itself is treated as the defendant because it is the instrumentality of the wrong. The Supreme Court also noted that a court acquires jurisdiction over the property by seizing it and giving public citation to the world and that the owner of the property may appear and protect his interest. *Freeman*, 119 U.S. at 187, 30 L. Ed. at 373, 7 S. Ct. at 166.

The Court then went on to state, "[t]here is, however, a large class of cases which are not strictly actions *in rem*, but are frequently spoken of as actions *quasi in rem*, because, though brought against persons, they only seek to subject certain property of those persons to the discharge of the claims asserted." *Freeman*, 119 U.S. at 187, 30 L. Ed. at 373, 7 S. Ct. at 166-67. The Court noted that these actions differ from actions strictly *in rem* because the interest of the defendant alone is sought to be affected, Accordingly, citation to the defendant is required, and the judgment is only conclusive between the parties to the proceedings. *Freeman*, 119 U.S. at 188, 30 L. Ed. at 373, 7 S. Ct. at 167. The Court observed that, though such actions deal with property and seek its sale, they are not strict actions *in rem* because they are against the named parties and the action is personal in nature. *Freeman*, 119 U.S. at 188, 30 L. Ed. at 373, 7 S. Ct. at 167. The Supreme Court concluded, "[s]uch are *** actions for the enforcement of mortgages and other liens." *Freeman*, 119 U.S. at 187, 30 L. Ed. at 373, 7 S. Ct. at 166-67.

Further, other authorities have stated that mortgage foreclosure proceedings are *quasi in rem* actions. See R. Waples, *Treatise on Proceedings In Rem* §606, at 758 (1882) ("[m]ortgage procedure against property well illustrates" a *quasi in rem* action); Black's Law Dictionary 714 (5th ed. 1979) (defining "*in rem* mortgage" as "[f]oreclosure of mortgage is in the nature of an in rem proceeding but it approximates more closely a quasi in rem action"). See also 59A C.J.S. *Mortgages* §§874, 390 (2009); 50 C.J.S. *Judgments* §1389 (2009).

Consistent with the foregoing authorities, we conclude that a mortgage foreclosure proceeding must be deemed a *quasi in rem* action. One of the pivotal differences between *in rem* and *quasi in rem* actions is whether the defendant is the property or a named person. See, *e.g.*, *Austin*, 316 Ill. 2d at 193. In *in rem* actions, the property itself is the defendant, while in *quasi in rem* actions, a

named party is the defendant. *Freeman*, 119 U.S. at 187-88, 30 L. Ed. at 373, 7 S. Ct. at 167. In a foreclosure action, the property is not the defendant. Rather, the mortgagor, the person whose interest in the real estate is the subject of the mortgage, is a necessary party defendant to the foreclosure proceedings. 735 ILCS 5/15–1501(a)(i) (West 2004); *Lane v. Erskine*, 13 Ill. 501, 503-04 (1851) (mortgagor is an indispensable party in a foreclosure action). As such, the proceeding must be brought against a named party and a foreclosure action must be a *quasi in rem* action. R. Waples, *Treatise on Proceedings In Rem* §72, at 99 (1882) ("It should ever be borne in mind that there are no personal defendants to proceedings *in rem*").

Moreover, in foreclosure actions, the property is not the instrumentality of the wrong, nor is it responsible for the plaintiff's injury. The mortgagor is the instrumentality of the wrong. It was he or she who breached the contract by defaulting on the note secured by the mortgage. The foreclosure action is based on the note, the vehicle which gives the plaintiff the legal right to proceed against the property. The object of the foreclosure action is to enforce the obligation created by that contract, through the property, but against a specific person. *Lohmeyer*, 213 Ill. at 501 ("The object is to reach and dispose of property, but the proceeding is for the enforcement of an obligation *ex contractu* against a specific person").

Likewise, because the mortgagor is a necessary party in a foreclosure action, it is necessarily true that there must be personal service on the mortgagor, *i.e.*, "citation" to him or her. *Rockwell v. Jones*, 21 Ill. 279, 285 (1859) (defendant to *scire facias* proceeding to foreclose mortgage must be given notice of proceeding). In *in rem* actions, personal service is not required on any person, not even the owner. R. Waples, *Treatise on Proceedings In Rem* §64, at 88 (1882) ("No personal citation is served upon the owner of the thing seized, even when he is known"). In *in rem* actions, there is public citation to the world. *Freeman*, 119 U.S. at 187, 30 L. Ed. at 373, 7 S. Ct. at 166. This distinction also supports the conclusion that a foreclosure proceeding is *quasi in rem*.

Further, contrary to the appellate court's finding, a mortgage foreclosure proceeding does not bind the whole world. Case law, dating to at least 1863, demonstrates this fact. *Ohling v. Luitjens*, 32 Ill. 23, 30-31 (1863) (foreclosure decree null and void against owner

of equity of redemption because not made a party). See also *Gregory v. Suburban Realty Co.*, 292 Ill. 568 (1920) (senior mortgagee not bound by junior mortgagee foreclosure); *Rose v. Walk*, 149 Ill. 60 (1894) (junior mortgagee not bound by foreclosure where not a party to the action); *Kepley v. Jansen*, 107 Ill. 79 (1883) (nonparty owner of equity of redemption not bound by foreclosure decree); *Cutter v. Jones*, 52 Ill. 84 (1869) (nonparty owner of equity of redemption not bound by foreclosure decree); *React Financial v. Long*, 366 Ill. App. 3d 231 (2006) (junior mortgagee not bound by senior mortgagee foreclosure if not made a party); *Applegate Apartments Ltd. Partnership v. Commercial Coin Laundry Systems*, 276 Ill. App. 3d 433 (1995) (tenant in possession); *Baldi v. Chicago Title & Trust Co.*, 113 Ill. App. 3d 29 (1983) (junior mortgagee not bound by senior mortgagee foreclosure if not made a party); *Silverstein v. Schak*, 107 Ill. App. 3d 641 (1982) (tenant in possession).

The Mortgage Foreclosure Law, too, makes clear that the entire world is not bound by a foreclosure judgment. It states: "The court may proceed to adjudicate their respective interests, but any disposition of the mortgaged real estate shall be subject to (i) the interests of all other persons not made a party or (ii) interests in the mortgaged real estate not otherwise barred or terminated in the foreclosure." 725 ILCS 5/15–1501(a) (West 2004).

In reaching a conclusion that a foreclosure proceeding is an *in rem* action, the appellate court below relied on *Financial Freedom v. Kirgis*, 377 Ill. App. 3d 107 (2007). In *Financial Freedom*, the mortgagee filed a foreclosure action against the deceased mortgagor and her son. The defendant/son argued that the action was barred because (1) the trial court lacked subject matter jurisdiction since the suit was filed against a deceased person and (2) the case was not filed within the two-year statute of limitations period set forth in section 18–12 of the Probate Act as incorporated by section 13–209. *Financial Freedom*, 377 Ill. App. 3d at 109. The circuit court concluded that it did not lack subject matter jurisdiction since the foreclosure proceeding was an *in rem* action. *Financial Freedom*, 377 Ill. App. 3d at 121. The circuit court granted the plaintiff's motion for summary judgment and ordered a foreclosure. *Financial Freedom*, 377 Ill. App. 3d at 119-20. The appellate court affirmed, relying on statements made by this court that a foreclosure proceeding is *in rem*

in *Waughop* and *Marcus*.

We are not persuaded by *Financial Freedom*. As noted above, *Waughop* and *Marcus* did not engage in any analysis in reaching the conclusion that foreclosures were *in rem* actions. We have found, however, that the nature of a foreclosure proceeding mandates our conclusion that foreclosure actions are *quasi in rem* proceedings. Accordingly, we reject *Financial Freedom*, and to the extent that decision and any statements in our prior cases are contrary to our holding here, they are hereby overruled.

In sum, we hold that, based on the well-settled principles distinguishing *in rem* and *quasi in rem* actions and the requirements of the Mortgage Foreclosure Law, a foreclosure proceeding is a *quasi in rem* action. Accordingly, we reverse the appellate court's judgment and affirm the judgment of the circuit court.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*