2022 IL App (1st) 221937-U

No. 1-22-1937

Order filed December 15, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE IMPAC SECURED ASSETS CORP. MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-3, | ) ) ) ) ) | Appeal from the Circuit Court of Cook County, Illinois County |
| Plaintiff-Appellee, | ) ) | No. 2017 CH 11682 |
| v. | ) ) | The Honorable |
| PETRES GORGES; CITIMORTGAGE, INC.; SUHAM GORGES; MENKEN, LLC; ILLINOIS DEPARTMENT OF REVENUE; and UNITED STATES OF AMERICA, | ) ) ) ) | Freddrenna Lyle, Judge Presiding. |
| Defendants | ) ) | |
| (Suham Gorges, Defendant-Appellant). | ) | |

JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Tailor concurred in the judgment.

**ORDER**

*Held*: The judgment of the circuit court is affirmed where Appellee's motion to reconsider and vacate the default judgment was not barred by *laches*, and the circuit court's denial of Appellant's petition for relief from a void judgment was proper.

¶ 1    In a mortgage foreclosure action, Appellant Suham Gorges appeals the circuit court's grant of Appellee Deutsche Bank National Trust Company's motion to reconsider and vacate the default judgment and denial of her petition for relief from a void judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2022)) for two reasons. First, Suham argues the motion to reconsider and vacate the default judgment was barred by *laches*. Second, Suham asserts the circuit court erred in denying the petition for relief from a void judgment because she was served a defective summons, thereby depriving the circuit court of personal jurisdiction over her. For the following reasons, we affirm the circuit court's judgment.

¶ 2                                 I. BACKGROUND

¶ 3    On March 13, 2007, Suham and her husband, Petres Gorges, obtained a mortgage secured against their single-family residence from IMPAC Funding Corporation d/b/a IPMAC Lending Group. IMPAC later assigned its right, title, and interest in the mortgage to Deutsche Bank National Trust Company (hereinafter Deutsche Bank). On August 25, 2017, Deutsche Bank filed a complaint to foreclose the mortgage. Deutsche Bank served the complaint and mortgage foreclosure summons on Suham personally and on Petres via substitute service.

¶ 4    On December 18, 2017, the circuit court entered a default judgment against the Gorges and a judgment of foreclosure and sale. On January 17, 2018, Petres filed an appearance and a motion to vacate judgment, which the circuit court granted. Thereafter, Deutsche Bank filed an amended complaint, and Petres filed an answer. Deutsche then filed a motion for summary judgment against Petres and a motion for a default judgment against Suham. The circuit court granted the motions and entered a judgment of foreclosure and sale. A judicial sale of the residence was held, and the circuit court approved the sale to Deutsche Bank on March 4, 2020.

¶ 5     On February 14, 2022, Suham filed an appearance and a petition for relief from a void judgment pursuant to section 2-1401(f). In the petition, Suham alleged the circuit court lacked personal jurisdiction over her because the summons was not signed or sealed with the clerk of the circuit court in accordance with Illinois Supreme Court Rule 101(a) (eff. Aug. 16, 2017). Suham requested that the circuit court quash service of process and vacate all orders and judgments entered against her. The petition further stated, "Suham Gorges is willing to prospectively waive proper service and answer or otherwise plead to the complaint when this petition is granted."

¶ 6     On June 29, 2022, Suham filed a motion for a default judgment for Deutsche Bank's failure to appear or plead. In its written order entered on July 18, 2022, the circuit court found that Rule 101(a) requires both the circuit clerk's name and her signature and that the summons "likely includes the Clerk's name or her signature, but not both." Because the summons was "likely invalid," the circuit court concluded it did not have personal jurisdiction over Suham and entered a default judgment in her favor.

¶ 7     Suham filed an answer to Deutsche Bank's amended complaint on August 4, 2022. Five days later, Deutsche Bank filed a motion to reconsider and vacate the default judgment entered on July 18, 2022. In the motion, Deutsche Bank alleged that the circuit court's written ruling conflicted with its oral ruling that any defect in the summons was a technical error and did not deprive the court of personal jurisdiction. Suham responded in support of the court's written order and asserted *laches* barred the motion to reconsider and vacate the default judgment. The circuit court found that it "issue[d] a ruling that was inconsistent with its Oral ruling" and that "its bench ruling that the error complained of was of the nature of a technical error was correct." The court vacated the July 18, 2022, default judgment and "denied and dismissed" the petition for relief from a void judgment. This appeal follows.

¶ 8                                    II. JURISDICTION

¶ 9     On June 29, 2022, Suham filed a motion for a default judgment on the petition for relief from a void judgment, which the circuit court granted. After reconsideration, the circuit court vacated the default judgment and denied the petition on November 23, 2022. Suham filed a notice of appeal on December 22, 2022. We have jurisdiction over this appeal pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017).

¶ 10                                    III. ANALYSIS

¶ 11    On appeal, Suham argues (1) the motion to reconsider and vacate the default judgment was barred by *laches* and (2) the circuit court erred in denying the petition for relief from a void judgment because she was served a defective summons. We review each issue respectively.

¶ 12                                    A. *Laches*

¶ 13    First, Suham contends Deutsche Bank's motion to reconsider and vacate the default judgment is barred by *laches* because Deutsche Bank filed the motion without warning and after Suham "spent time and money preparing, verifying, filing, and serving her answer." Deutsche Bank argues Suham failed to establish *laches* because (1) Deutsche Bank timely filed the motion and (2) the fact that Suham spent time and money associated with filing the answer was not a sufficient ground to establish prejudice.

¶ 14    *Laches* is an equitable principle that bars relief for a litigant whose unreasonable delay in bringing an action has prejudiced the other party. *PNC Bank, National Association v. Kusmierz*, 2022 IL 126606, ¶ 25. " 'The doctrine is grounded in the equitable notion that courts are reluctant to come to the aid of a party who has knowingly slept on his rights to the detriment of the opposing party.' " *Id.* Unlike a statute of limitations, *laches* concerns more than the mere passage of time.

*Id.* Rather, *laches* is " 'principally a question of the inequity of permitting the claim to be enforced, an inequity found upon some change in the condition or relation of the property and parties, and where there is such a change as to make it inequitable to grant relief, it will be refused.' " *Id.* Whether *laches* bars a claim depends on the facts and circumstances of each case. *Tillman v. Pritzker*, 2021 IL 126387, ¶ 25. To establish *laches*, a party must show (1) lack of diligence by the party asserting the claim and (2) prejudice to the opposing party resulting from the delay. *PNC Bank*, 2022 IL 126606, ¶ 26.

¶ 15    Regarding the first element of *laches*, this court held "in fixing the period in which rights and claims would be barred by *laches*, equity follows the law. ***. Thus, when a claim or right is not barred by a limitations period, *laches* will not apply unless special circumstances make it inequitable to grant relief requested." *In re Marriage of Kramer*, 253 Ill. App. 3d 923, 933 (1993). Relevant here, section 2-1203 of the Code of Civil Procedure provides, "In all cases tried without a jury, any party may, within 30 days after the entry of the judgment *** file a motion for rehearing or retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203 (West 2022).

¶ 16    As to the second element of *laches*, prejudice occurs when "[t]he passage of time must have caused such a change of circumstances to the defendant that granting relief to the plaintiff would be inequitable and unjust." *Higgins v. Brunswick Corp.*, 76 Ill. App. 3d 273, 279 (1979). This change of circumstances includes situations where the person asserting *laches* "incurs risk, enters into obligations, or makes expenditures for improvements or taxes." (Internal quotation marks omitted.) *PNC Bank, National Association v. Kusmierz*, 2022 IL 126606, ¶ 33 (parties asserting *laches* incurred damages because the bank sold the property at issue and could not recover the property); *Miller v. Bloomberg*, 126 Ill. App. 3d 332, 339 (1984) (prejudice found

where party asserting *laches* paid taxes and made expenditures in improving the property); *Schroeder v. Schlueter*, 85 Ill. App. 3d 574, 577-78 (1980) (prejudice found where the property at issue increased in value).

¶ 17    We review the issue of *laches* for an abuse of discretion. *City of Countryside v. City of Countryside Police Pension Board of Trustees*, 2018 IL App (1st) 171029, ¶ 64. A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the circuit court. *Id.*

¶ 18    In this case, the circuit court could reasonably find that Deutsche Bank was diligent in filing the motion to reconsider. In accordance with section 2-1203, Deutsche Bank filed the motion to reconsider and vacate the default judgment within the 30-day statutory period. The circuit court granted Suham's motion for a default judgment on July 18, 2022, and Deutsche Bank filed the motion to reconsider on August 9, 2022. Adhering to the principle that "equity follows the law," the circuit court could reasonably view the timely filing of the motion to reconsider as evidence that Deutsche Bank acted diligently. Moreover, as discussed in further detail below, the circuit court could reasonably find that no special circumstances make granting Deutsche Bank relief unjust. Because of this, we hold the circuit court could reasonably find that Deutsche Bank was diligent in filing the motion to reconsider. See *In re Marriage of Kramer*, 253 Ill. App. 3d at 933.

¶ 19    Furthermore, the circuit court could reasonably find Suham was not prejudiced. Suham failed to show how the time and money associated with filing an answer compares to circumstances like incurring risk and obligations on property. Considering the totality of the foreclosure action, the actions alleged by Suham constitute relatively minor inconveniences and do not reach the degree of prejudice that would make granting Deutsche Bank relief unjust. See *Indiana Real Estate*

*Commission v. Ackman*, 766 N.E.2d 1269, 1274 (Ind. App. 2002) (mere inconvenience is insufficient to establish prejudice in asserting *laches*).

¶ 20    Having found evidence that Deutsche Bank acted diligently in filing the motion to reconsider and that Suham was not prejudiced by any delay, we determine the circuit court could reasonably find that Suham failed to establish *laches*. Accordingly, we hold the circuit court exercised proper discretion when it did not bar the motion to reconsider and vacate the default judgment based on *laches*.

¶ 21                                  B. Service of Summons

¶ 22    Next, Suham argues that the circuit court erred in denying the petition for relief from a void judgment based on lack of personal jurisdiction. Suham claims the circuit court lacked personal jurisdiction over her because the summons was not attested in the name of the circuit clerk or signed by the circuit clerk in accordance with Supreme Court Rule 101(a). Deutsche Bank claims the format of the summons sufficiently complied with Rule 101(a). Deutsche Bank further alleges that the circuit court's jurisdiction was not affected by any technical errors pursuant to section 2-201(c) of the Code of Civil Procedure (735 ILCS 5/2-201 (West 2016)) and court precedent.

¶ 23    Mortgage foreclosure proceedings are *quasi in rem* actions wherein service of process is required for the circuit court to acquire jurisdiction over a defendant. *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526, 535-36 (2010). In *McGahan*, our supreme court explained that a *quasi in rem* action is " 'brought against the defendant personally, with jurisdiction based on an interest in property, the objective being to deal with the particular property or to subject the property to the discharge of the claims asserted.' " *Id.* at 533 (quoting Black's Law Dictionary 30 (7th ed. 1999)). "Unlike an *in rem* action, a *quasi in rem* action operates only as between the parties to the proceedings. *Id.* In a foreclosure action, "the mortgagor, the person whose interest in

the real estate is the subject of the mortgage, is a necessary party defendant to the foreclosure proceedings." *Id.* at 535-36. Thus, "it is necessarily true that there must be personal service on the mortgagor." *Id.* at 536.

¶ 24    A plaintiff's failure to effectuate service of process as required by law deprives a court of jurisdiction over a defendant and any default judgment based on a defective service is void. *Bank of New York Mellon v. Karbowski*, 2014 IL App (1st) 130112, ¶ 12. A party in a foreclosure action may challenge a judgment as void for lack of personal jurisdiction due to improper service of process in a petition for relief from judgment pursuant to section 2-1401. *West Suburban Bank v. Advantage Financial Partners, LLC*, 2014 IL App (2d) 131146, ¶ 25. "We [ ] review *de novo* a judgment on a section 2-1401 petition claiming voidness due to a lack of personal jurisdiction." *BankUnited, National Association v. Giusti*, 2020 IL App (2d) 190522, ¶ 14.

¶ 25    Section 2-201(a), which governs form and substance of summons, provides:

"Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. The clerk shall issue summons upon request of the plaintiff. The form and substance of the summons, and of all other process, and the issuance of alias process, and the service of copies of pleadings shall be according to rules." 735 ILCS 5/2-201(a) (West 2016).

¶ 26    Rule 101(a) provides that "[t]he summons shall be issued under the seal of the court, tested in the name of the clerk, and signed with his [or her] name." Ill. S. Ct. R. 101(a) (eff. Aug. 16, 2017). This court reviewed whether a summons was properly issued under Rule 101(a) in *National City Bank v. Majerczyk*, 2011 IL App (1st) 110640. In this foreclosure action, the summons at issue contained the seal of the clerk of the circuit court of Cook County and the stamped printed name of the clerk. *Id.* ¶ 2. This court found that these signifiers satisfied the requirements under

Rule 101(a) and, thus, the summons was properly issued. *Id.* ¶ 6. Similar to the summons in *Majerczyk*, the summons here has "Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois" printed at the bottom of the page and contains a stamped seal of the clerk of the circuit court of Cook County. Therefore, we find the summons was properly issued in accordance with Rule 101(a).

¶ 27     Along with Rule 101(a) compliance, case law addressing the sufficiency of summons reinforces that the summons was valid in this case. The purpose of a summons is to " 'notify a party that an action has been commenced against him" and courts " 'adhere to the principle that a court should not elevate form over substance, but should construe a summons liberally.' " *MI Management, LLC v. Proteus Holdings*, LLC, 2018 IL App (1st) 160972, ¶ 39. Thus, when the summons serves its intended purpose, technical errors in the summons do not deprive the circuit court of personal jurisdiction over a party. See *In re Application of County Treasurer & Ex Officio County Collector*, 307 Ill. App. 3d 350, 355 (1999); *MI Management, LLC*, 2018 IL App (1st) 160972, ¶ 55.

¶ 28     We also note, after service of summons occurred in this case, the legislature amended section 2-201 to add subsection (c), which states that "[a] court's jurisdiction is not affected by a technical error in format of a summons if the summons has been issued by a clerk of the court, the person or entity to be served is identified as a defendant on the summons, and the summons is properly served. This subsection is declarative of existing law." Pub. Act 100-1048, § 5 (eff. Aug. 23, 2008) (amending 735 ILCS 5/2-201); see, *e.g.*, *First Mortgage Company v. Dina*, 2017 IL App (2d) 170043, ¶ 29 ("The amendment's provision that '[t]he changes made to this Section *** are declarative of existing law" [citation] plainly states an intent to give the amendment maximal retroactive effect.").

¶ 29    Here, the parties do not dispute that Suham was personally served the summons or that the summons contained information about the foreclosure action against Suham. Additionally, as noted above, the summons was properly issued by the circuit clerk. Because the summons was properly issued under Rule 101(a), Suham was notified of the cause of action against her, and she was personally served the summons, the circuit court had personal jurisdiction over Suham. Accordingly, we find the circuit court's denial of the petition for relief from a void judgment pursuant to section 2-1401(f) was not erroneous.

¶ 30                                      IV. CONCLUSION

¶ 31    We find the circuit court exercised proper discretion when it did not bar the motion to reconsider and vacate the default judgment based on *laches*. We also find the circuit court did not err in denying the petition for relief from a void judgment pursuant to section 2-1401(f). Accordingly, the circuit court's judgment is affirmed.

¶ 32    Affirmed.