NOTICE

Decision filed 10/24/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250021-U

NO. 5-25-0021

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| U.S. BANK NATIONAL TRUST ASSOCIATION, as Trustee of the Tiki Series III Trust, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CH-743 |
| KAREN ASKEW; TIDEWATER FINANCE COMPANY T/A TIDEWATER CREDIT SERVICES; REUNION PLACE HOMEOWNERS ASSOCIATION; THE STATE OF ILLINOIS; UNKNOWN OWNERS and NONRECORD CLAIMANTS, | ) ) ) ) ) ) ) | |
| Defendants | ) ) | Honorable Leah A. Captain, |
| (Jasmine Andrews, Intervenor-Appellant). | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Presiding Justice McHaney and Justice Sholar concurred in the judgment.

**ORDER**

¶ 1 *Held*: Where intervenor's petition was filed after the time to intervene and the judgment was not void where the mortgagor died after the foreclosure judgment was entered, we affirm the circuit court's order denying leave to intervene.

¶ 2 Jasmine Andrews appeals the circuit court's order denying her petition for leave to intervene in a mortgage foreclosure action brought against her mother, Karen Askew. Andrews contends that the court lost jurisdiction when Askew died during the proceedings and the court never appointed a special representative. We disagree and affirm.

1

¶ 3                          I. BACKGROUND

¶ 4    On October 26, 2015, U.S. Bank Trust, N.A., as Trustee for VOLT Asset Holdings Trust XVI, filed a complaint to foreclose on property located at 232 Harmony Ridge Drive in Belleville. The complaint named as defendants Askew, Tidewater Finance Company, the Reunion Place Homeowners Association, the State of Illinois, and unknown owners and nonrecord claimants. Askew was served by publication and, on August 4, 2016, the court found all defendants in default and entered a judgment of foreclosure and sale.

¶ 5    On August 25, 2016, FV-1, Inc., in trust for Morgan Stanley Mortgage Capital Holdings LLC, (FV-1) moved to be substituted for the named plaintiff. The motion asserted that the original named plaintiff had sold the note and mortgage to FV-1. The motion further alleged that a similar motion had been filed before the foreclosure judgment but had inadvertently not been addressed by the prior orders. The court granted the motion.

¶ 6    On November 14, 2016, Askew filed a notice that she had filed a Chapter 13 bankruptcy proceeding in the Southern District of Illinois. In its appellate brief, the current plaintiff asserts, without citation to the record, that Askew listed the foreclosure in her bankruptcy schedules. It further alleges that the bankruptcy was dismissed on January 7, 2021, and that Askew filed a second bankruptcy on May 3, 2021, which was dismissed on January 4, 2022. These allegations, however, are not supported by the record.

¶ 7    On November 1, 2022, FV-1 moved to amend the foreclosure judgment to reflect payments received on Askew's behalf during the bankruptcy proceedings. FV-1 also moved to substitute US Bank Trust National Association as Trustee of the Tiki Series III Trust as plaintiff, alleging that the latter had acquired the servicing rights to the loan. The court granted the motions.

¶ 8    The judicial sale proceeded on March 8, 2023. On May 11, 2023, the court entered an order approving the sale.

¶ 9    On June 26, 2024, Andrews filed a petition to intervene, citing section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). She alleged that Askew died intestate on February 18, 2022, that Andrews was Askew's daughter, and that she was living on the property. Andrews alleged that she had a permissive right to intervene pursuant to section 15-1501(b)(l) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1501(b)(1) (West 2022)). The petition further claimed that Askew was a necessary party to the action, and without a necessary party, the trial court lacked jurisdiction. Thus, "all orders entered following her death and without the appointment of a special representative are void." Andrews asked that the orders entered be vacated. She attached Askew's death certificate to the petition.

¶ 10    The court denied the petition. The court found that jurisdiction was proper at all times given that Askew was alive when the judgment was rendered. Further, Andrews did not have a right to intervene, as "her interests in the subject property have been terminated by 735 ILCS 5/15-1501(e)." Andrews timely appealed.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, Andrews, appearing *pro se*, contends that the circuit court erred in denying her leave to intervene. She further argues that the failure to include her in the foreclosure proceedings violated due process.

¶ 13    Section 2-408 of the Code of Civil Procedure governs intervention. 735 ILCS 5/2-408 (West 2022). In deciding whether to allow intervention a court considers "whether the petition to intervene is timely, whether the petitioner's interest is sufficient, and whether that interest is being adequately represented by someone else in the lawsuit." *Soyland Power Cooperative*, *Inc. v.*

*Illinois Power Co.*, 213 Ill. App. 3d 916, 918 (1991). We will reverse the grant or denial of a petition to intervene only if the court abused its discretion. *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 58 (2002).

¶ 14　The Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1501 *et seq.* (West 2022)) prescribes necessary and permissive parties to mortgage foreclosure actions. 735 ILCS 5/15-1501 (West 2022). Section 15-1501 provides that the only necessary parties to a foreclosure action are "(i) the mortgagor and (ii) other persons (but not guarantors) who owe payment of indebtedness or the performance of other obligations secured by the mortgage and against whom personal liability is asserted shall be necessary parties defendant in a foreclosure." 735 ILCS 5/15-1501(a) (West 2022). Section 15-1501(b) provides for numerous other permissible parties. 735 ILCS 5/15-1501(b) (West 2022). Andrews does not claim that, before her mother's death, she had any interest in the property that would have made her either a necessary or permissive party to the action.

¶ 15　Section 15-1501 also specifically provides for intervention in foreclosure actions. It provides that, subject to certain exceptions not applicable here, "[a]ny person who has or claims an interest in real estate which is the subject of a foreclosure or an interest in any debt secured by the mortgage shall have an unconditional right to appear and become a party in such foreclosure." 735 ILCS 5/15-1501(d) (West 2022). That section, however, limits the time in which a party may seek intervention:

"(1) Of Right. A person not a party *** who has or claims an interest in the mortgaged real estate may appear and become a party at any time prior to the entry of judgment of foreclosure. ***

(2) In Court's Discretion. After the right to intervene expires and prior to the sale in accordance with the judgment, the court may permit a person who has or claims an

4

interest in the mortgaged real estate to appear and become a party on such terms as the court may deem just.

    (3) Later Right. After the sale of the mortgaged real estate in accordance with a judgment of foreclosure and prior to the entry of an order confirming the sale, a person who has or claims an interest in the mortgaged real estate, may appear and become a party, on such terms as the court may deem just, for the sole purpose of claiming an interest in the proceeds of sale. Any such party shall be deemed a party from the commencement of the foreclosure, and the interest of such party in the real estate shall be subject to all orders and judgments entered in the foreclosure.

    (4) Termination of Interest. Except as provided in Section 15-1501(d), the interest of any person who is allowed to appear and become a party shall be terminated, and the interest of such party in the real estate shall attach to the proceeds of sale." 735 ILCS 5/15-1501(e) (West 2022).

¶ 16 Here, even assuming that Andrews had an interest in the proceeding that would have allowed her to intervene, her petition came too late, after the court had approved the sale. The only basis on which a court may allow intervention after the sale is where a party seeks intervention solely to claim an interest in the sale proceeds. 735 ILCS 5/15-1501(e)(3) (West 2022). Andrews has never claimed a right to the sale proceeds. Thus, her petition was untimely and the court had no discretion to allow intervention.

¶ 17 Apparently recognizing this, Andrews invoked section 2-1401 and argued that any proceedings after Askew's death were void. A section 2-1401 petition is an appropriate vehicle in which to assert that a judgment is void. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

¶ 18    Andrews asserts that any actions after Askew's death were void because her mother was a necessary party to the action and, thus, the court lost jurisdiction following her death without appointing a special representative. Andrews relies on *ABN AMRO Mortgage Group*, *Inc. v. McGahan*, 237 Ill. 2d 526, 529 (2010), but that case is distinguishable.

¶ 19    In *ABN AMRO*, the court considered consolidated cases in which a mortgage foreclosure action was filed after the mortgagor had died. The plaintiffs insisted that the foreclosures were *in rem* actions in which the property owner's presence was unnecessary. The supreme court, however, held that a foreclosure is a *quasi in rem* proceeding to which the mortgagor is a necessary party. *ABN AMRO*, 237 Ill. 2d at 535-36.

¶ 20    In *ABN AMRO*, however, each mortgagor had died before the action was filed. Thus, the causes could not proceed in the absence of a necessary party. Here, Askew was living at the time the judgment was entered, and the court had jurisdiction to proceed. Once the court granted the judgment of foreclosure, Askew was no longer a necessary party. Andrews cites no case holding that a trial court loses jurisdiction of a foreclosure proceeding when a mortgagor dies after the foreclosure judgment.

¶ 21    Plaintiff acknowledges that it obtained an amended judgment after Askew's death. It contends, however, that the amended judgment merely reflected amounts paid during the bankruptcy and did not alter plaintiff's right to the property. Andrews does not contend otherwise and has thus forfeited any such argument. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (points not argued in initial brief are forfeited).

¶ 22    Andrews contends that she should be able to file her belated challenge to the foreclosure action because she received no notice of the proceedings. As noted, she was neither a necessary nor permissive party to the action and thus had no right to notice of the proceeding. She cites no

6

case holding that the mortgagor's children are entitled to notice of a foreclosure proceeding. Andrews does not claim to have any interest in the property beyond an expectation of inheritance. Thus, plaintiff was not required to give her notice of the foreclosure proceeding.

¶ 23 Andrews cites *Milenkovic v. Milenkovic*, 93 Ill. App. 3d 204 (1981), which is distinguishable. There, a husband shot and killed his wife during divorce proceedings. A neighbor who had been caring for the parties' children petitioned the court for temporary custody. She later sought to impose a trust on the husband's house to cover the children's care. Although the husband's attorney had notice of the latter motion, he did not appear to argue against it. *Milenkovic*, 93 Ill. App. 3d at 215-16. Under those unusual circumstances, the appeals court vacated the order imposing the trust to allow the husband to present evidence on that issue. *Milenkovic*, 93 Ill. App. 3d at 216. Thus, *Milenkovic* involved notice to the property owner himself, not his children.

¶ 24 Andrews also appears to contend that plaintiff lacked standing to bring the foreclosure action. This issue was not raised in Andrews' petition to intervene and is therefore forfeited. See *Williams v. Bruscato*, 2019 IL App (2d) 170779, ¶ 24 (appellant who fails to raise an issue in trial court forfeits the issue and may not raise it for the first time on appeal).

¶ 25 Although Andrews argues that the issue is jurisdictional and thus not subject to forfeiture, lack of standing is an affirmative defense. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 22 (2004). An affirmative defense such as lack of standing can be forfeited if not timely raised in the trial court. *Aurora Bank FSB v. Perry*, 2015 IL App (3d) 130673, ¶ 8.

¶ 26 Andrews finally contends that she was "denied due process concerning the redemption process." She failed to raise this issue in the trial court and it is thus forfeited. Moreover, on appeal, she cites no case holding that, as an heir of the mortgagor, she was entitled to notice of the

7

redemption process or that, if she was, that notice here was improper. Thus, this issue, too, is forfeited.

¶ 27     Andrews' reply brief appears to largely restate the arguments made in her initial brief. To the extent it seeks to raise additional arguments, they are undeveloped and not supported by authority. Thus, we need not consider them. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.*, 118 Ill. 2d 389, 401 (1987) (arguments inadequately presented on appeal are forfeited).

¶ 28                                        III. CONCLUSION

¶ 29     For the foregoing reasons, we affirm the circuit court's judgment.


¶ 30     Affirmed.